## WILLIAM LAMMERS

*v.*

## DETRICK R. MEYER.

1. PLEADING—*of a plea of justification in replevin.* In an action of replevin, a plea of justification, that the defendant took the property by virtue of an execution directed to him as sheriff, averred "that at the time when, etc., to wit, on the 22d day of August, 1870, he was sheriff," etc., "and on the 24th day of May, 1870, at said county, an execution came into

Syllabus.    Statement of the case.

his hands, as such sheriff, issued by the clerk," etc., " dated the 24th day of May, 1870, on a judgment in said court, rendered on the 14th day of April, 1870," " which said judgment was then and there in full force and effect," "directed to this defendant, as such sheriff, to execute, and that by virtue of said execution this defendant, as such sheriff, did, on the 22d day of August, 1870, and in the lifetime of said execution, take said goods," etc. On objection that the plea did not show the execution was in full force at the time of the levy, it was *held,* according to a reasonable construction the plea showed that the judgment, and of course the execution issued thereon, were in full force and unsatisfied on the 24th day of May, 1870, and that the levy was in the lifetime of the execution. This was equivalent to an averment that the execution was in full force at the time of the levy.

2. In such a plea, no allegation was necessary as to the date of the judgment, and it might be rejected as surplusage, and need not be proved. Its rejection would not alter the general sense or effect of the plea.

3. SAME—*of the certainty required in a plea.* A plea is not objectionable on account of obscurity or ambiguity, if it be certain to a *common intent.* It need only be clear enough according to reasonable intendment and construction. The rule is, that the natural sense must prevail.

4. SAME—*words of reference,* as " there " and " said," even in an indictment, will not be referred to the last antecedent, if the sense requires that they should be referred to some prior antecedent.

5. SAME—*of a plea purporting to answer the whole declaration, but does not.* In an action of replevin, in which the declaration contained a count for the taking, and also one for detaining, the property, a special plea purported to answer the entire cause of action,—it avowed the taking of the property under an execution, and averred that it was the property of the execution debtor, and not of the plaintiff. This was regarded as presenting a complete bar to the cause of action, and the plea was not obnoxious to the objection that it professed in the commencement to answer the whole declaration, and only answered the first count, for the taking.

6. JUDGMENT IN REPLEVIN—*its requisites.* A judgment in replevin, awarding a writ of *retorno habendo,* will not be regarded as too general in the description of the property, if it follow the declaration in that regard.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of replevin, brought in the court below by William Lammers, against Detrick R. Meyer, to recover certain property described in the declaration as " all the dry goods, groceries, hardware, queensware, notions, etc., being in

the store house of William Lammers, in the town of Bridgport, Washington county, Illinois, " of the value of $450.

Final judgment was rendered in favor of the defendant upon the overruling of demurrers to the several pleas filed, which are sufficiently set forth in the opinion of the court.

Messrs. WINKELMAN, WATTS & WARES, for the appellant.

Mr. ISAAC MILLER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Pleas of justification were filed by defendant below, that he took the property by virtue of an execution, directed to him as sheriff.

The court overruled demurrers to these pleas, and this is assigned for error.

It is urged that they are defective, in not averring that the execution was in full force, and the money due thereon unpaid, at the time of the levy.

The portion of the pleas to which objection is made, is as follows : " Said defendant says *actio non*, because, he says, that at the time when, etc., to wit, on the 22d day of August, 1870, he was sheriff of Washington county, and on the 24th day of May, 1870, at said county, an execution came into his hands, as such sheriff, issued by the clerk of the circuit court of said county, dated the 24th day of May, 1870, on a judgment in said court, rendered on the 14th day of April, 1870, in a suit wherein one Isaac Miller, assignee, etc., was plaintiff, and one Julius Klosterman was defendant, for the sum of $416.89 damages, and costs of suit, which said judgment was then and there in full force and effect, and the money due thereon unpaid, directed to this defendant, as such sheriff, to execute, and that by virtue of said execution, this defendant, as such sheriff, did, on the 22d day of August, 1870, and in the lifetime of said execution, take said goods, etc. "

A plea is not objectionable on account of obscurity or ambiguity, if it be certain to a *common intent.* It need only be

clear enough according to reasonable intendment and construction. The rule is, that the natural sense must prevail. 1 Chit. Plead. 233; Steph. Plead. 379.

We must read and understand the plea, by giving to it a natural, and not a forced and artificial, meaning. The averment that the judgment was then and there in full force, should be referred to the date of the execution. This was evidently the meaning of the plea.

Chitty lays down the rule, that words of reference, as " there" and " said," even in an indictment, will not be referred to the last antecedent, if the sense requires that they should be referred to some prior antecedent. 1 Chit. Plead. 239.

In this case, the sense requires that the word " there" in the plea should relate to the date of the execution, and not to the date of the judgment; for the latter was necessarily in force on the day of its rendition, and might not have been after the lapse of more than a month.

Again, it is a maxim that *utile per inutile non vitiatur*. No allegation was necessary as to the date of the judgment, and it may be rejected as surplusage, and need not be proved. Its rejection would not alter the general sense or effect of the plea. 1 Chit. Plead. 229; Steph. Plead. 378.

According to a reasonable construction, then, the plea shows that the judgment, and of course the execution issued thereon in proper form, were in full force and unsatisfied, on the 24th day of May, 1870, and that the levy was made in the lifetime, and by virtue, of the execution. This is equivalent to an averment that the execution was in full force, and the money due thereon unpaid, at the time of the levy. An execution satisfied and discharged has no vitality; its virtue has departed; and we can not indulge the unreasonable presumption that the sheriff seized the property by force of an execution which had been paid.

It is also contended that, as there is a count in the declaration for the taking, and one for detaining, the property, the

special pleas are obnoxious to the demurrer, because they profess, in the commencement, to answer the whole declaration, and afterwards only answered the first count, for the taking.

We think the pleas go further than supposed. They purport to answer the entire cause of action, and do so effectually. It is true, that the taking by virtue of the execution is avowed, but, then, they set up matter and conclude in bar of any right of recovery by the plaintiff. It is positively averred, that the property was the property of the execution debtor, and not of the plaintiff, in the conclusion of both of the pleas. This is a complete bar to the cause of action, and we think the fifth plea is a good plea of estoppel. We are, therefore, of the opinion that the demurrers were properly overruled.

The objection, that the judgment is too general, is not well taken. It describes the property, as appellant has done, both in his declaration and in his bond to the sheriff, as set out in the fifth plea. The court must order a return of the property, as claimed in the declaration. This has been done; and if appellant suffer thereby, he alone is responsible for the mischief. The description is his own handiwork.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*