BYRON M. LEWIS *vs.* FRED W. BULL.

MARCH 8, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Evidence.   Question for Jury.*

Mere suspicion of untruth of positive testimony within the bounds of reason and which is not contradicted by other testimony or by circumstances is not sufficient to take a case to the jury.

*(2)   Replevin.   Title.   Question for Jury.*

In an action of replevin, where there is positive testimony that the property
in the original attachment belonged to a third party, which testimony
though open to suspicion is within the bounds of reason, and is not exactly
contradicted by positive testimony of another witness, but the circum-
stances strongly raise a doubt of the testimony relating to the property
being in the third party, the question of title should be submitted to the
jury.

*(3)   Replevin.   Recovery by Both Parties.*

Under G. L. 1923, cap. 387, sec. 8, in an action of replevin plaintiff may
prevail in part and defendant in part.

REPLEVIN.   Heard on exception of defendant and sus-
tained.

BARROWS, J.   This is an action of replevin against a
deputy sheriff who, on August 20, 1925, seized twenty-two
cows by virtue of a writ of attachment in a case entitled,
Joseph Rose *v.* Freeman L. Mumford.

Freeman L. Mumford and his wife, Eliza B., lived
together on a farm.   Mrs. Mumford acquired thirty-six
cows of Byron M. Lewis on conditional sale.   Her husband
bought twelve cows of Joseph Rose.   To these he acquired
absolute title.   All were kept in the same barn but neither
Mumford nor his wife had any right, title or interest in the
cows owned by the other.   Mrs. Mumford with Lewis'
consent made sundry sales and exchanges, among them
being a trade with her husband of five Lewis cows for two
Rose cows.   On August 20, 1925, there were but twenty-
two cows on the farm.   None of these were identified as
among the original Lewis' cows.   Mrs. Mumford, who then
owed Lewis a considerable balance on the lease contract,
testified that all the cows on the farm were the property of
Lewis;   that two were the Rose cows acquired from her
husband in the trade before mentioned;   that she never
acquired other Rose cows and that no other Rose cows were
among those attached.   Her husband, called by defendant,
corroborated her but neither side was willing to adopt him
as its witness to testify about the disposition of the other ten
Rose cows or the five Lewis cows acquired by him in trade.

On August 17 or 18, 1925, Rose with a view to attaching Mumford's cows, for unpaid notes given for the purchase price, visited the farm. He testified that he identified six of the twelve cows he had sold to Mumford. No identification of specific cows appears in the evidence. Two or three days later the attachment above mentioned was made of the twenty-two cows on the farm and from the attaching officer they were replevied in this action by plaintiff who claimed title.

Defendant sought to justify his possession upon the ground that the attached cows belonged to Freeman L. Mumford. His pleading was not drafted properly to assert that defense, *Kebabian* v. *Adams Express Co.*, 28 R. I. 177; *Lammers* v. *Meyer*, 59 Ill. 214; *Carew* v. *Matthews*, 41 Mich. 576, but it was liberally construed so to do by the trial court. The issue tried was the ownership of the twenty-two cows. Obviously on the testimony all were not Mumford's and on the facts above recited the trial court, accepting the positive testimony that all were Lewis' and believing that no evidence existed from which an inference of Mumford's ownership of any of them on August 20 could be drawn, directed the jury to find that the plaintiff had title to all. Defendant is here on exception to such directed verdict, claiming that the truth or falsity of the testimony of Mr. and Mrs. Mumford as to Lewis' ownership of the cows should have been submitted to the jury.

We recently said in *Millard* v. *Hall*, 135 Atl. 855, that mere suspicion of untruth of positive testimony within the bounds of reason, and which is not contradicted by other testimony or by circumstances, is not sufficient to take a case to the jury. The positive testimony of Mrs. Mumford and her husband that all the cows attached belonged to Lewis on August 20, 1925, though open to suspicion is within the bounds of reason and is not exactly contradicted by Rose's positive testimony that two days prior thereto he saw six of his former cows on the farm.

The question therefore remained whether the circumstances might warrant an inference that Mr. and Mrs. Mumford's testimony was untrue either in whole or in part. The evidence of title in Lewis did not identify specific cows. Mr. and Mrs. Mumford's testimony was the merely general assertion that Lewis owned all the cows on the farm. Yet Rose's evidence, if believed, established the presence of six Rose cows two days before the attachment. The natural query arises, what became of them? Mrs. Mumford accounted for the presence of two at the time of the attachment. If the balance had disappeared knowledge thereof rested wholly with the Mumfords. Of course it is possible that six Rose cows might have been on the farm on August 17 or 18 and that only two were there on August 20 but the one witness who could have cleared up the situation, if such was the fact, though on the witness stand was not used by either side for this purpose. The court adopted the strict view that evidence of the presence of six former Rose cows two days prior to the attachment did not entitle defendant to go to the jury as to whether any of the cows at the time of the attachment belonged to Mumford. It made no mention of the five Lewis cows to which Mumford at one time admittedly acquired title by trade. The record is silent as to whether any of the latter were on the farm at the time of the attachment. We think the circumstances called for some explanation as to how Lewis acquired title to the entire twenty-two cows on the farm at the time of the attachment. Mrs. Mumford's interest was to support the Lewis claim. Her husband in supporting it was augmenting family resources and, if any of the cows belonged to him, was placing them beyond the reach of his creditor. One can not carefully study the record without concluding that all the facts upon which a true decision of the case must rest, and which were within the control of the parties, were not presented. Lewis doubtless had title to some of the cows and on the evidence was entitled to a directed verdict as to several of those attached. Under our statutes in an

action of replevin plaintiff may prevail in part and defendant in part.   G. L. 1923, Chap. 387, Sec. 8 (5883).   In view of the vagueness of the record, however, we have no means, of determining as to which cows a verdict should be directed for plaintiff.   The circumstances so strongly raise a doubt of the correctness of the sweeping testimony of Mumford and his wife, to the effect that on August 20 all the cows attached belonged to Lewis, that we think the question of title to the cows should have been submitted to the jury.

Defendant's exception to the direction of a verdict that plaintiff had title to the twenty-two cows is sustained.   The case is remitted to the Superior Court for a new trial.

*Daniel A. Collon,* for plaintiff.

*Quinn, Kernan &· Quinn, Michael De Ciantis,* for defendant.