## Austin A. Belden v. William P. Laing and others.

A plea in abatement must have the highest degree of certainty and precision. Every allegation necessary to make out the case covered by it, must be distinctly, and not inferentially, set forth.

In an action of replevin a plea in abatement was interposed, setting up the pendency of a prior suit in replevin, by virtue of the writ in which the property in controversy was taken and held by one of the defendants, who was sheriff

of the county. The plea did not allege that any affidavit was attached to the writ in the first suit, nor that the writ commanded the sheriff to take the property in controversy. *Held*, that the plea was insufficient on both grounds.

In an action of replevin under the statute, anything going to show that the plaintiff had no right to the possession when he commenced his suit, is a complete bar to the action. As that the defendant lawfully held the property, as against the plaintiff, by virtue of a prior writ of replevin.

In replevin by one plaintiff against three defendants, plea in abatement was interposed, of a prior action in replevin, by two of the defendants against the plaintiff and another, by virtue of which the other defendant, as sheriff, took and detained the property. *Held*, that the issues in the two cases were not identical, as the possessory right of the sheriff under his writ, if valid, could not be impaired or affected, although the plaintiff in the present suit might show a perfect title as against the other defendants, the plaintiffs in the first suit.

*Heard April 19th. Decided October 18th.*

Error to Shiawassee Circuit.

Replevin by plaintiff in error against William P. Laing Amos Gould and Ebenezer Gould. The defendants pleaded in abatement as follows:

"And the said defendants Amos Gould and Ebenezer Gould, in person, and William P. Laing, by A. & E. Gould, his attorneys, come into court and pray judgment of the said writ and declaration of the said plaintiff, and that the same may be quashed, because they say that heretofore and before the commencement of this suit, to wit, on the ninth day of March, 1859, the said defendants Amos Gould and Ebenezer Gould, commenced a suit in replevin against the said plaintiff and one Cranson Belden, by issuing a writ of replevin out of the Circuit Court for the county of Shiawassee, to the Sheriff of said county, which writ was duly and personally served upon said plaintiff and said Cranson Belden, and under and by virtue of which said writ, the same identical goods and chattels mentioned in said plaintiff's writ and declaration in this cause, were seized and taken by defendant William P. Laing, said Laing then being the Sheriff of Shiawassee county, and said goods and chattels having been seized and replevied by said Laing, as such Sheriff, and being in the possession of said Laing as such Sheriff,

BELDEN v. LAING.

by virtue of said writ, at the time of the commencement of this suit; which said suit so commenced in said court, against said plaintiff and said Cranson Belden, is now pending and undetermined, and that said plaintiff's said action of replevin herein is brought against the defendants for the recovery of the goods and chattels, so as aforesaid taken, replevied and detained under and by virtue of said writ of replevin, issued as aforesaid by said Amos and Ebenezer Gould, against said plaintiff and said Cranson Belden, and this the said defendants are ready to verify; wherefore as to the unlawful detention of the said goods and chattels in the said plaintiff's declaration mentioned, they pray judgment of the said writ and declaration of the said plaintiff, and that the same may be quashed."

To this plea the plaintiff demurred. The Circuit Court overruled the demurrer, quashed the writ, and rendered judgment for defendants, for the value of the property replevied, and costs. Plaintiff brought error.

*McCurdy & Raynale,* for plaintiff in error.

*A. & E. Gould,* for defendants in error :

The plaintiff can not replevy property which has been taken from him and is held by a writ of replevin:—*Comp. L.* § 5041; 5 *Wend.* 71. The object of this action was to determine the title to the goods replevied, as between A. A. Belden and these defendants; and the first action was brought, and at the time of the commencement of this suit was pending, for exactly the same purpose. The first action was properly pleaded in abatement:—*Gould Pl.* 282; 1 *Chit. Pl.* 453; 3 *Wend.* 258; 1 *Mich.* 254. It is no objection that the parties in the two suits were different, since the question involved in this suit between the parties hereto was directly in issue between the same parties in the former suit:—*Cath.* 96; *Cowp.* 144; *Holt,* 1; *Show.* 75; 1 *Pet. Abr.* 16, case 5; 5 *Wend.* 71.

BELDEN *v*. LAING.

CAMPBELL J. :

The demurrer, we think, ought to have been sustained, whether we look at the form of the plea, or the subject matter sought to be introduced by it.

A plea in abatement must have the highest degree of certainty and precision: — 1 *Chitty Pl.* 395; *Findley v. People*, 1 *Mich.* 235 — and therefore every allegation necessary to make out the case covered by it must be distinctly and not inferentially set forth. This plea would require some liberality to sustain it if put in as a plea in bar, under any system of special pleading. To say nothing of other omissions, it contains no allegation from which we can infer that the writ of replevin, under which it alleges the property to have been first taken by Laing, as Sheriff, was directed against the property levied upon. If a Sheriff, with the most regular writ, should seize property not described in his writ, he certainly could not justify under it. Neither does it appear that any affidavit was annexed to the writ, without which the Sheriff is expressly forbidden to serve it: — *Comp. L. p.* 1331, § 5011 These and other omissions, not perhaps so substantial, would render the plea demurrable, if a plea in abatement were proper at all.

But we think the defense, if valid, should have been offered in bar, and not in abatement. The object of our statutory replevin is to determine the right of possession at the commencement of the action, as well as title to the property for temporary or permanent purposes connected with that possession. Anything going to show that the plaintiff in replevin had no right to the possession when he commenced his suit, is a complete bar to his action. And proof that a Sheriff had taken property on a lawful writ from the plaintiff, and continued lawfully to hold it under that writ, when replevin was brought, would go to negative the plaintiff's right of possession, and, of course, defeat his suit. The statute requires an affidavit that the plaintiff is entitled to

the 'possession, that the defendant unlawfully detains the property, and that it has not been taken by any of various kinds of process enumerated; but does not in terms require anything more. These facts, if true, cover every case which could ordinarily arise. If untrue, they go to defeat the right of action entirely, as existing at that time, not only in that suit, but in any action whatever depending on a right of possession. Such a showing is not the ordinary office of a plea in abatement, which, in respect to a former suit pending, does not deny or put in issue the cause of action, but merely objects that it is already in course of litigation.

Whether cross replevins between the same parties will lie, where no new parties are introduced, is a question entirely beside this case. It may be worthy of consideration however, whether, under a plea in abatement, if it lies, the statute provides for a return of the property, or an assessment of damages. It may be found that the provisions on this subject have a bearing on the question of pleading. We are not disposed to consider these questions any further than may be necessary in this case.

In the present case, the plea does not show any idennity of issues, and it would be impossible in the present action to try the merits of the former action. In that, the question involved was simply the title of the Goulds to possession as against the two Beldens; all the other questions of title and damages being incidental, and that being the only ground on which the action was maintainable. In the present action, the question of *possessory* right arises— according to the plea— not between Belden and the Goulds, but between Belden & Laing. And Laing's possessory right, if his writ was valid, could not be impaired or affected, although Belden might show a perfect title as against the Goulds. The issues are entirely different upon the right of possession, which is the only foundation of either action.

BELDEN v. LAING.

Judgment must be reversed with costs, and the defendants are required to plead over.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J., *dissenting:*

Although our statute does not, in express terms, prohibit the bringing of a counter replevin, by a defendant whose property has been taken by a former writ, yet upon every principle, and by every analogy of law, such a proceeding is void. Under the former suit pending, the issue to be tried is the detention of the goods and chattels replevied, the plaintiff's property therein, and his right to the possession of them. Under a counter replevin the same issue, but reversed, is tendered. The identical cause of action is consequently the subject of both suits, and the rule that two or more suits for the same identical cause of action will not be tolerated, but that the pendency of one is good cause for abatement of that subsequently brought, is too familiar a rule of pleading to require demonstration. It is, in general, a good plea in abatement, that there is a prior action (similar or concurrent) pending between the same parties for the same cause; and such plea of a prior suit pending for the same cause, is good, although there be a new defendant added in the second; and when on the other hand, one of two or more defendants in the first action is omitted in the second, the second must abate, the case being plainly within the general rule:—(See *Gould's Pl.* §§ 125, 127). As a corollary of this rule, it follows, that when one of two or more defendants in the former action brings suit against the plaintiff for the same cause of action, the second must abate. Hence, while the statute enumerates certain cases in which replevin shall not be brought, it does not mention a former replevin, because the well established rules of pleading already prohibited it.

8 MICH. — 2H

In *Dearmon v. Blackburn*, 1 *Sneed* 390, it was held that replevin does not lie when goods are taken by process of law, by the parties against whom the process issues, but only by a stranger to the process, whose goods are taken; and that parties and their privies are affected by the writ; and the objection that goods were not subject to seizure, is proper ground of defence to the first action, but will not authorize a counter replevin. In *Morris v. De Witt*, 5 *Wend.* 71, it was held that a writ of replevin issued by a defendant, to obtain re-deliverance of property taken from him by virtue of a writ of replevin issued against him, is irregular, and will be superceded with costs, upon motion, if the motion be made before the return of the writ, or set aside if made after. The court in that case did not wait for a plea in abatement, and in giving judgment, Savage Ch. J. employed language which is pertinent to the case at bar: The law, he says, "has provided guards against abuses in practice under the writ of replevin," by requiring a bond and affidavit, &c. "Now all this is a very useless proceeding if the defendant in replevin has a right to turn round and bring his action of replevin, and thus regain possession of the property which has been legally taken from him. If such a proceeding were permitted, there would be no end to suits, and the benefit of this action could never be realized. The title to the property in question must be tried upon an issue regularly joined, and until such trial, the party from whom the property has been taken by the process of law must remain out of possession." When a writ will be quashed or superceded for such a cause, the suit may be abated, as well. Now, because one of two defendants, from whom property has been replevied, claims it in his own right, he certainly can have no right to a counter replevin; for the whole question of title, and the right to possession, is the subject of trial in the first suit; and, as a party, he must litigate it in such suit. Besides, the plaintiff in replevin must sub-

BELDEN v. LAING.

stantiate his own right to the possession of the goods re-plevied, and can only have judgment upon doing so; and he can not rely upon the defective title or right of the defendants for a recovery. There can, therefore, by no possibility, be any issue presented in the second suit, which must not necessarily be determined in the first; for the question of the defendants', and each of their titles, could be raised for the purpose of defeating that set up by the plaintiff, and it can never be set up for any other purpose. The title of the plaintiff in this suit is therefore directly within the issue to be tried in the former suit.

The fact that the Sheriff in whose possession the goods were, by virtue of the first writ of replevin, is made a co-defendant in this suit, renders the impropriety of this proceeding the more manifest, while it does not, in my apprehension, drive these defendants to a plea in bar, and thus compel them to litigate in two actions substantially the same rights. For these reasons, I think the demurrer was properly overruled.

But my brethren further hold that the plea is bad as a pleading. Whether it would be held good or bad upon special demurrer is immaterial, but I can discover no reason why, upon a general demurrer, it should not be upheld. It avers, in substance, that an action of replevin was then depending between two of these defendants, and this plaintiff and one Cranson Belden, under which the identical goods were taken and held by Laing, as Sheriff; and that this action is brought to re-replevy the same goods. This was substantially sufficient, and if otherwise defective, the error should have been specially pointed out. I can conceive of no case in which a counter replevin may not be met by a plea in abatement, and upon principle, I think there should be none.

*Judgment reversed.*