## CLARK vs. WEST.

Evidence showing that the plaintiff in an action of replevin had no right to the possession of the property when he commenced his suit is a bar to his action; and such evidence is admissible without a plea in abatement or plea *puis darien continuance.*

Error to Oakland Circuit.

*Opinion by* GRAVES, J.—In April, 1870, Clark sued West in replevin for a heifer, before John H. Dresser, a Justice of the Peace. May 21, judgment was rendered for West, and Clark removed the case to the Circuit on *certiorari.* The heifer was returned to West after the judgment, and five days after that, notice of the *certiorari* was served on the Justice, and West was required to return the animal to Clark. She was taken from the stable of West by Brown, the co-defendant, and was returned to Clark by him. On that same day West, who claimed that this taking was not with his consent, brought replevin against Clark before George Robertson, another Justice, and June 15, Robertson gave judgment for West, and Clark appealed. Meanwhile the Court had considered the first case and reversed the judgment of the Justice The second appeal having come on for trial, West proved the proceedings before the other Justice, the judgment, the subsequent taking of the heifer by Brown, her delivery to Clark and her value. He then rested the case on his behalf.

Clark then offered to prove his original title to the animal, that she was taken from him during his absence, and that the judgment

of Justice Dresser had been reversed. The Court below held this evidence inadmissible, concluding that the judgment of Dresser was conclusive as to the title, and that the reversal could not be shown without a plea *puis darien continuance*, since the judgment of *certiorari* was rendered since the last continuance of the case on trial.

*Held,* That the rejection of this evidence was erroneous. The case of *Belden vs. Lang*, 8 *Mich.*, 500, was considered decisive of the matter. If the evidence tended to show that at the time of the commencement of the action the property was not in West, then the evidence should have been admitted. The cases were fully examined and found to sustain the doctrine asserted.

The judgment of the Circuit Court was reversed with costs, and a new trial was ordered.