344      Kranert v. Simon *et al.*      [Sept. T.,

Opinion of the Court.

# F. Kranert

## v.

# Leopold Simon *et al.*

1. SALE OF GOODS—*bona fide creditor of vendee taking mortgage on, not affected by subsequent knowledge of the fraud of vendee.* Where a *bona fide* creditor of one who purchased goods and obtained possession thereof by means of fraudulent representations, took a mortgage on such goods without notice of the fraud: *Held,* that he was to be regarded an innocent purchaser, and could not be deprived of his rights thus acquired, by a subsequent knowledge of the fraud of his debtor.

2. Therefore, where the court, on the trial of an action of replevin (the declaration also containing a count in trover) by the vendor of goods against the purchaser, and a creditor of the latter who had acquired the goods under a chattel mortgage given him to secure a debt, etc., instructed the jury that if the creditor of the purchaser took the goods after they had been so fraudulently purchased, with knowledge of the fact of such fraud, which was also set out in a preceding part of the instruction, then the latter was not an innocent purchaser, etc: *Held,* that the instruction was erroneous, in being directed to the time of taking the goods under the mortgage, instead of to the time of taking the mortgage.

3. If a person, who has purchased goods by means of fraudulent representations, sells and delivers them to his creditor in payment of a pre-existing debt, who accepts them *bona fide* without notice of the fraud, such creditor will be protected as an innocent purchaser against any claim of the original owner, to the same extent he would be if he had paid a new consideration therefor.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. C. J. METZNER, for the appellant.

Mr. FRANK M. ANNIS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin, with a count in trover, resulting in a verdict and judgment for the plaintiffs. Kranert alone appeals.

The ground on which the right to recover was based is, that one Buttner, who purchased the goods of the plaintiffs, had effected the purchase by fraudulent representations as to his solvency, and that appellant, Kranert, participated in the fraud.

Kranert claimed that he took a chattel mortgage on the goods, in good faith, with no knowledge of any fraud, in order to save himself for money advanced to Buttner, and for contingent liabilities on his account to a large amount.

The goods were purchased by Buttner, at Chicago, and one of the plaintiffs testified that it was a custom among the merchants of that city to sell goods on a credit of ninety days, even when they do not know anything of the circumstances of the purchaser, save from his own statements. This we should not deem a very safe custom, and doubt very much if it be very common in that city, or anywhere else.

We have directed our attention entirely to the instructions given for the plaintiffs.

The first instruction is as follows:

" If the jury believe, from the evidence, that the plaintiffs were originally the owners of the goods in controversy, and Buttner went to plaintiffs, in Chicago, and falsely and fraudulently represented to the plaintiffs that he had fifteen hundred dollars of stock on hand, had real estate, and was indebted only fifty dollars; and by such false and fraudulent representations he induced plaintiffs to sell the goods; and that such statements were false; that said Buttner had only three or four hundred dollars worth of goods, and was indebted some eleven hundred dollars, and had no real estate; and that said Buttner knew such statements to be false, then, upon such state of facts, no title would pass to said goods from plaintiffs to Buttner; and if the jury further believe, from the evidence, that Kranert had knowledge or participation in said fraud, or aided or assisted therein, or took the goods after they had been so purchased, with knowledge of the fact

of such fraud; and if the jury further believe, from the evidence, that Buttner and Kranert jointly converted the goods, and participated in the proceeds of those not found, then the law is for the plaintiffs, and Kranert is not an innocent purchaser, and the jury should find for the plaintiffs on both counts in the declaration, and find the value of the goods so converted, which have not been replevied by the sheriff, as a part of the damages in this case."

The point of this instruction is directed to the taking of the goods by appellant, when it should have been directed to the taking of the mortgage. Admitting appellant to have been a *bona fide* creditor of the purchaser of these goods, and it is not denied he was such creditor, then he had a right to take the mortgage to secure himself; and if he had no knowledge at the time of such taking, he must be deemed an innocent purchaser, and could not be defeated of his rights by knowledge subsequent that the grantor in the mortgage had obtained the goods by fraudulent representations. This instruction is objectionable, and was not corrected by any subsequently given.

We think the eleventh instruction for appellant should have been given. It is as follows:

"Property obtained by fraudulent representations can not be recovered from an innocent purchaser for a valuable consideration by the original owner. If, therefore, the jury believe, from the evidence, that the goods in question were obtained by Buttner from plaintiffs by fraudulent representations, and that the defendant, Kranert, was an innocent purchaser for a valuable consideration, then the plaintiffs can not recover."

This instruction embodies the doctrine sanctioned by this court in *Butters* v. *Haughwout et al.* 42 Ill. 18, where it was held, where a person had purchased goods by means of fraudulent representations, sold and delivered them to his creditor

in payment of a pre-existing debt, who accepted them *bona fide*, and without notice of any fraud in his vendor in obtaining the goods, such creditor was held to be a purchaser for a valuable consideration, and will be protected as such, against any claim of the original owner, to the same extent he would be protected if he had paid a new consideration for the goods at the time they were delivered to him, under the purchase.

Appellant was entitled to this instruction.

In the state of the evidence, which is not very satisfactory, giving appellees' first instruction and refusing to give the eleventh instruction asked by appellant, must have prejudiced appellant's case, and justice requires it should be submitted to another jury, on proper instructions.

The judgment is reversed and the cause remanded.

*Judgment reversed.*