## Sarah Heyman v. Leonard Covell.

*Plea in abatement: Replevin: U. S. marshal: Execution: Demurrer.* A plea in abatement in a replevin suit, that the defendant took the goods as deputy United States marshal on an execution issued out of the United States circuit court against a third person named, which fails to aver that the execution was issued on any judgment, or that any judgment had been obtained against either the plaintiff in replevin or the defendant in the execution, or that the property had been levied upon as belonging to the defendant in execution, is held bad on demurrer.

*Execution: Property of stranger: U. S. courts: Jurisdiction: Judgment.* The seizure on execution from a federal court, of property of a stranger to the writ, will not operate to bring the property within the exclusive jurisdiction and control of the United States court, at least not in the absence of any judgment to support it.

*Executions: Taking property of third person: Trespass: Judgment: Forum.* The taking by virtue of an execution of property not belonging to the execution debtor, is tortious and a trespass, though the writ be a valid one; and a seizure upon a writ issued without any judgment or order of the court to support it, could have no force in fixing the forum for determining the right of property.

*Plea in abatement: Jurisdiction.* A plea in abatement to the jurisdiction must always show another forum where the rights have already become subject to judicial authority. It must also be certain according to the most rigid rules of precision.

*Heard January 12.    Decided April 10.*

Error to Kent Circuit.

*Norris & Uhl,* for plaintiff in error.

*R. W. Butterfield,* for defendant in error.

CAMPBELL, J:

Plaintiff having commenced a suit in replevin in the circuit court for Kent county, defendant pleaded in abatement that he took the goods as deputy marshal under an execution issued out of the circuit court of the United States for the western district of Michigan, in favor of James McLean and Henry H. Statesbury against Adolph Heyman.

To this plea a demurrer was put in, but overruled, and judgment entered that defendant was not guilty and that the property be returned to defendant. The form of this judgment is the same used when the merits have been tried, but this need not be considered.

It is not averred that this execution was issued on any judgment, or that any judgment against either Adolph or Sarah Heyman had been rendered. Neither is it averred that the property was levied on as belonging to Adolph Heyman.

Without discussing at length how far under the practice governing the procedure of the courts of the United States sitting within this state, any inquiry could be made in aid of the plaintiff which would come within the constitutional right of persons whose property has been taken by a plain trespass not to be deprived of due process of law for its recovery, we do not think any case is made by this plea.

While most of the decisions of the United States supreme court bearing upon the immunity of property held under one jurisdiction from seizure by another, have arisen under very different circumstances from the present, and while, though there are some *dicta*, there is no decision, so far as we know, which holds that the property of strangers to a final execution is brought by seizure under it within the exclusive control of the courts of the United States, we find no decision or *dictum* which would maintain any such doctrine in the absence of a judgment.

The whole question has been made to turn on the fact that a court had possession of the property because its juris-

diction had attached in a cause in which the process was issued. Although there may be no liability for trespass against an officer who honestly takes property under a process apparently valid in form, no one has ever imagined that such a seizure could affect the condition of the property for any purpose, if supported by no record or proceedings in court. And where property is taken which is not that of the execution debtor, the taking is necessarily tortious and is always a trespass.—*Buck v. Colbath, 3 Wal., 334.* It was held in that case that a seizure under a good writ against the wrong person did not draw into the federal court the determination of title to the property against a stranger to the writ, and that the court could grant the officer no protection against the consequences of his own wrongful act. And it would be absurd to hold that where a writ never issued under any judgment or order of the court at all, the court could take any more notice of the right of property than if it had been seized without a writ.

A plea in abatement to the jurisdiction must always show another forum where the rights have already become subject to judicial authority.—*Watson v. Jones, 13 Wal., 679.*

It must also be certain according to the most rigid rules of precision.—*Wales v. Jones, 1 Mich., 254; Belden v. Laing, 8 Mich. R., 500.* The omission here is neither formal nor technical, but substantial, and the plea fails to show any ground of abatement.

If the defendant should show a valid judgment upon a trial on the merits, the other questions argued will come up for decision, and may then be disposed of.

The judgment must be reversed, with costs, and the demurrer sustained, the defendant to answer over according to the usual practice.

The other Justices concurred.