## Amasa Dubois v. Lee C. Hutchinson.

*Plea in abatement must state necessary facts.*

A plea in abatement must expressly state every fact necessary to support it, and exclude everything that would defeat it if alleged on the other side.

Inferences of the pleader are not admitted by demurrer.

A plea in abatement to a suit in replevin asserted that defendant had seized and held the goods as deputy sheriff. Demurrer to the plea was overruled, return waived and judgment given for defendant. *Held* that the plea should have stated facts and not merely matters of conclusion, so that the court could have determined whether the defendant's seizure and custody were lawful, and what became of the property after it was seized on the writ of replevin, in default of which the demurrer should have been sustained and judgment given that defendant answer over.

Error to Ingham. Submitted Jan. 10. Decided Jan. 28.

Replevin. The facts are in the opinion.

*Smith & Reed* for plaintiff in error. A plea in abatement must be precise (*Wales v. Jones*, 1 Mich., 254; *Barker v. Remick*, 43 N. H., 235; 1 Saunders' Pl. & Ev., 3), point out the error in the declaration (1 Chitty Pl., 446) and should be complete in itself, *Bowman v. Stowell*, 21 Vt., 309; *Burgess v. Abbott*, 1 Hill, 476; *Shaw v. Dutcher*, 19 Wend., 216; *Haywood v. Chestney*, 13 Wend., 495; a plea in abatement to the service of a writ of replevin must fully negative any other service, *Morse v. Nash*, 30 Vt., 76; *Landon v. Roberts*, 20 Vt., 286.

*M. V. & R. A. Montgomery* for defendant in error.

Graves, J. Dubois sued Hutchinson in replevin. The writ was directed to the sheriff of Ingham county, and one W. H. McEnally, a deputy, executed it. Hutchinson interposed a plea in abatement, to which Dubois demurred. The court overruled the demurrer and entered judgment

that the writ should be quashed, and at a subsequent term awarded final judgment for Hutchinson in the sum of $567.39 as the value of a special lien proved on an assessment under Comp. L., § 6754. Dubois sued out a writ of error.

The theory of the plea in abatement is that when the property was seized by the writ of replevin it was held by Hutchinson as the sheriff's bailiff, he being a deputy, and was in construction of law in the sheriff's possession, and that thereupon under the writ directed to the sheriff the same property was seized by another bailiff of the sheriff, and hence in law by the sheriff himself, and handed over to Dubois, and that under our statutes this was not lawful service.

The degree of particularity and certainty required in a plea of abatement is well known. "Every allegation necessary to make out the case covered by it must be distinctly and not inferentially set forth," and it must exclude all matters which, if alleged on the other side, would defeat it. *Belden v. Laing,* 8 Mich., 500; 1 Chitty Pl. (16 Am. ed.), 462 et seq.; id., 482 et seq.; 2 Greenleaf's Ev., tit. Abatement; Gould's Pl., tit. Abatement.

According to the scheme of the plea it was necessary that it should contain sufficient facts distinctly set out to enable the court on reading it to say that if true Hutchinson's holding was that of the sheriff, and further, to enable the court to direct what would be proper proceedings thereafter, and what kind of judgment final would be lawful. The structure of the plea was not, however, conformable to these requirements. No facts were stated to explain Hutchinson's holding as an official one, and for the sheriff and in his right.

The plea merely asserts that Hutchinson had seized the property in his character of deputy sheriff and was holding it in the same character when taken on the writ by the other deputy. This is mere matter of conclusion by the pleader drawn from facts which the plea with-

holds, and the court is denied opportunity to judge for itself. If the facts were disclosed by the plea we might conclude that the seizure and custody of Hutchinson were both contrary to law.

This inference of the pleader is not admitted by the demurrer.

Considering the substantial office conceded to the plea in this case as leading to a particular judgment, its insufficiency seems manifest in other particulars. The judgment supposes that Hutchinson had a valid lien on the property and that the articles were taken out of his hands and delivered over to the plaintiff Dubois. The case shows there was a waiver of return and a judgment for a specific sum as the amount of Hutchinson's lien. Still the plea neither states facts to show any lien nor facts to explain what became of the property on the seizure under the writ of replevin. There are no facts pleaded to enable the court to say as matter of law that the sheriff's possession has been disturbed.

No further discussion is needed. The proceedings below were erroneous. The court should have sustained the demurrer and given judgment that the defendant answer over.

The interlocutory judgment and subsequent proceedings should be reversed with costs and the cause remanded for judgment of *respondeat ouster* on the demurrer, and such other proceedings as may be proper.

The other Justices concurred.