MARY CAREW v. SALMON S. MATTHEWS.

*Replevin for property seized under federal process.*

Replevin will lie in a justice's court to recover property wrongfully seized on federal process by a United States marshal, if its value is below the jurisdictional limit of the federal court and within that of the justice.

The value of property as stated in an affidavit for a writ of replevin is presumed to be its true value until otherwise shown in subsequent proceedings.

*It seems* that a plea in abatement to an action of replevin for goods seized on process against a third person is insufficient if it merely alleges that defendant seized them under a certain described execution without also alleging that they were seized as the property of the defendant named therein or as liable to seizure for his debt.

Error to Wayne. Submitted June 10. Decided Oct. 14.

REPLEVIN. Plaintiff brings error.

*E. F. Conely* and *H. A. Chaney* for plaintiff in error relied on the insufficiency of the plea and cited *Heyman v. Covell*, 36 Mich., 157.

*Julian G. Dickinson* for defendant in error. A federal court acquires jurisdiction over property by seizure under a writ of *fieri facias*, *U. S. Bank v. Halstead*, 10 Wheat., 51, and it cannot be interfered with by a State court, *Taylor v. Carryl*, 20 How., 583; *Hagan v. Lucas*, 10 Pet., 400; *Freeman v. Howe*, 24 How., 450; *Buck v. Colbath*, 3 Wall., 334; *Munson v. Harroun*, 34 Ill., 422.

COOLEY, J. The defendant, who is United States marshal for the eastern district of Michigan, seized the property in controversy by virtue of an execution issuing out of the Circuit Court of the United States for said district against the goods and chattels of John H. Carew. The plaintiff claiming the goods as her own property, sued out a writ of replevin before a justice of the peace of Wayne county, by virtue of which the goods were taken from the custody of the marshal and presumably, though the record does not show the fact, were delivered to the plaintiff.

If we look no further into the case, it appears to be manifestly within the case of *Freeman v. Howe*, 24 How., 450, and the justice did not err in sustaining the plea in abatement of the writ. In that case as in this the marshal had seized by virtue of a writ against one person property claimed by another, and the latter had caused it to be taken from his hands upon process issued out of the state court. In an opinion in which the authorities were carefully reviewed, Mr. Justice Nelson reached the conclusion that the property could not be taken from the custody of the marshal on a writ of replevin issuing from another jurisdiction; and in this the whole court concurred. The reason for the conclusion was that if the one officer were suffered to take the property from the custody of the other by replevin or

any other process, it would produce a conflict extremely embarrassing to the administration of justice; a conflict which would be avoided by leaving the Federal court, under whose process the seizure had been made, to determine its validity and the collateral questions, without the interference or intermeddling of any other court or authority.

But while this case resembles *Freeman v. Howe* in its most prominent facts, there are some differences which cause embarrassment when the principle which ruled that case presents itself for application. It was objected there that if the party whose property was wrongfully seized on the process of the Federal court were not at liberty to proceed for its recovery in the State court, he would in many cases be wronged without remedy. If he were a citizen of the same State with the marshal, he could not bring suit against him in the Federal court, and if not a party to the suit in which the process issued on pretense of which his property was taken, he could not in any manner intervene with his claim in that suit, to have his right determined and his property restored to him. The court answered this difficulty by saying that "those familiar with the practice of the Federal courts have found no difficulty in applying a remedy, and one much more effectual than the replevin, and more consistent with the order and harmony of judicial proceedings," as may be seen by reference to previous decisions of the same court which are particularly mentioned. "The principle is, that a bill filed on the equity side of the court to restrain or regulate judgments or suits at law in the same court, and thereby prevent injustice, or an inequitable advantage under mesne or final process, is not an original suit, but ancillary and dependent, supplementary merely to the original suit, out of which it had arisen, and is maintained without reference to the citizenship or residence of the parties."

We have been unable to see, however, that this doctrine can be applied in this particular case. This suit,

as has been stated, was brought in justice's court, where the jurisdiction in replevin is limited to cases where the value of the property claimed does not exceed one hundred dollars. Comp. L., § 5291. The value of the property in controversy here is sworn to be ninety-five dollars, and this is presumptively its real value until in subsequent proceedings the estimate is shown to be erroneous. *Henderson v. Desborough*, 28 Mich., 170. There is no subsequent showing in this case, and no claim in any form that the property is undervalued. Its value must therefore be assumed to be under one hundred dollars. The question which thereupon arises is this : Could a suit ancillary, dependent or supplementary to the proceedings in the suit against John H. Carew in the Federal court be instituted by this plaintiff to determine her right to property of a value so insignificant as that of the property here in dispute ? And if so, from whence does the Federal court derive its jurisdiction ?

The original jurisdiction of the circuit courts of the United States is restricted to cases in which the amount in controversy exceeds five hundred dollars. An original suit could not, therefore, be instituted by this plaintiff in the Federal court. It is not suggested that jurisdiction in ancillary, dependent or supplementary suits would not be in like manner limited, but if it were not, and the Federal court might measure its equitable jurisdiction in such cases by that of the State courts, the amount in controversy would still be inadequate, since it is under one hundred dollars. Comp. L., § 5059. *Gamber v. Holben*, 5 Mich., 331.

There is no statutory proceeding by means of which the rights of the plaintiff could have been tried and protected in the Federal court. It might be very proper and suitable to provide by statute some method in which one whose property has been served on an execution against the property of another might have it released immediately on giving a forthcoming bond, or might have his claim summarily tried. But no such method

is now provided. If the owner under such circumstances would recover his property *in specie* he must resort to replevin. Take away his right to bring replevin, and however inadequate it may be in some cases, he is limited to the remedy in damages. In many cases this would be utterly inadequate. And there is not a sentence or a line in *Freeman v. Howe* which affords any countenance to the doctrine that the Federal court must hold exclusive jurisdiction of such a case when from the circumstances it is incompetent to give the same full and effectual redress that the process of the State courts may afford. Neither is that decision based at all on the impropriety of allowing the proceedings in the courts of the one jurisdiction to be brought into controversy in the courts of the other. This is fully shown in *Buck v. Colbath*, 3 Wall., 334.

In this case the plaintiff claimed a particular remedy to which I think she was clearly entitled. The Federal court could not give it, nor could it give any other which would accomplish its essential purpose. She had a right, therefore, to sue in the State court. It is immaterial that the property here in question was such as could not have had to the plaintiff any peculiar value; that which is involved in the next case which arises may be something which, by reason of family association or other peculiar circumstance, may have to the owner a value which no damages can measure. The principle cannot depend upon the facts of special cases.

I am therefore of opinion that the plaintiff was entitled to maintain this suit. The judgment of the court below should be vacated and the cause remanded with leave to defendant to plead over. The plaintiff will recover the costs of this court, and the costs below will abide the result.

CAMPBELL, C. J., and MARSTON, J., concurred.

GRAVES, J. The plaintiff brought replevin before a

justice of the peace, and defendant pleaded that he took and held the goods as marshal under an execution from the Circuit Court for the United States for the Eastern District of Michigan in favor of Ernest Greenfield and against John H. Carew on a judgment of that court in favor of the former and against the latter.

The plaintiff demurred to the plea, but the court overruled the demurrer and gave judgment that the writ of replevin should be quashed and for a return of the property and for the value. The cause being carried up, the circuit court entered judgment that the writ should be quashed, and that defendant should have return of the property and recover costs.

The single question to be determined is the sufficiency of the plea. The doctrine which excludes interference with the control of process issued from the courts of the United States is not involved at all. An action is brought in the State court and of which action that court has jurisdiction *prima facie.*

The defendant undertakes to show that this appearance is deceptive, and that facts and circumstances exist which take the action out of the general rule and prevent the plaintiff from reclaiming through the domestic forum her own property, however wrongfully he may have deprived her of it.

What we are called on to decide is, whether in taking this exceptional position the defendant states a sufcient case.

The requisites of fulness and certainty in these pleas are well ascertained (*Heyman v. Covell,* 36 Mich., 157; *Dubois v. Hutchinson,* 40 Mich., 262; opinion of Mr. Justice Curtis in *Dred Scott's Case* and authorities cited, 19 How., 567 et seq.; *Mandel v. Peet,* 18 Ark., 236), and I think the plea before us is insufficient. All the facts alleged may be admitted without admitting that the goods were seized as the property of the execution defendant and without admitting the existence of any ground for applying the execution to them.

It is indeed averred that the seizure was under execution against John H. Carew; but there is no allegation that he owned the property or had any interest, or that the plaintiff did not, or that the goods were liable to seizure on the execution or were levied on as the property of the debtor therein. For aught expressly averred they may have belonged to the plaintiff and been taken as her property. And since by the law of pleading no essential ingredient of such a plea can be left to depend on inference or presumption (*Belden v. Laing,* 8 Mich., 500, and authorities cited *supra*) as on the one hand nothing can be left to be supplied by intendment or construction, and on the other no conceivable reply can be left unobviated (Gould's Pl., ch. 3, § 57: Co. Litt., 352 b: Com. Dig., Abatement, I 11) the matters contained in the plea do not show a case of official right or foreclose the reply that in fact the seizure was a known departure from the command of the execution and a voluntary and unmitigated wrong.

The averment that the goods were seized under execution against John H. Carew has no operation beyond its strict sense and cannot be a ground of inference of anything else. The law will not tolerate an inference from it that the goods were so seized as his property or as being liable to seizure for his debt. Admitting that the matters in the plea may be considered evidence that the goods were so taken, they do not constitute an averment of the fact itself according to the strict rules applicable to such pleading. So long as no valid disclosure is made by plea or otherwise that the defendant asserts the control belonging to another jurisdiction, there can be no basis for discussing the ulterior questions. Until the subject is brought forward in accordance with the rules of law its discussion is premature. At present it is not under the cognizance of the court and we cannot assume it ever will be.

Whether a stranger whose goods of however great and special value to him and little value to others, are

taken from him under color of an execution against another from a court of the United States, can only reclaim them if at all through the aid of that court, however difficult and expensive, and notwithstanding that the cause out of which the execution issued has been closed by final judgment, presents some considerations which are not proper for discussion on this record.

Without adverting to other topics I think the judgment should be reversed with costs and one entered below in favor of plaintiff on the demurrer, that defendant answer over, and the case should be remanded for further proceedings according to the rules and practice of the court.

CAMPBELL, C. J. I concur with my brother Graves. But I also agree with my brother Cooley in his views on the merits.

COOLEY, J. I dissent from the opinion of my brother Graves respecting the certainty requisite in the plea. If the defense attempted to be made by the plea were valid, the plea sets up all the facts which it would have been necessary for defendant to prove to make his *prima facie* case complete; and to require that the pleadings shall be more particular in their statements of fact than the evidence must be, is not only illogical, but for that reason is calculated to entrap parties in making up their issues, and is therefore mischievous.