### SARAH HEYMAN v. LEONARD COVELL.

*Replevin in State Court against United States Marshal.*

Replevin will lie in a State court against a United States Marshal to recover goods seized by him on final process issued from a federal court, where the goods belong to some other person than the defendant named in the writ.

Error to Kent. Submitted June 8. Decided Oct. 13.

REPLEVIN. Plaintiff brings error. Reversed.

*Norris & Uhl* for plaintiff in error.

*Butterfield & Withey* for defendant in error. Neither federal nor State officers can levy upon property in one

another's custody: *Hagan v. Lucas* 10 Pet. 400; *Wallace v. M'Connell* 13 Pet. 143; *Campbell v. Emerson* 2 McL. 33; *The Oliver Jordan* 2 Curt. 414; *Taylor v. Carryl* 20 How. 591; *Peck v. Jenness* 7 How. 612; *De Visser v. Blackstone* 6 Blatch. 236; *Chapin v. James* 11 R. I. 86 : 14 Am. L. Reg. [N. S.] 214; *Brooks v. Montgomery* 23 La. Ann. 450; *Matter of Spangler* 11 Mich. 298.

CAMPBELL, J. Mrs. Heyman, the plaintiff, sued defendant in replevin for certain goods which, as we understand the finding, the court below held were unlawfully taken from her by defendant, but nevertheless gave judgment in his favor. Defendant at the time the goods were replevied held them as United States Deputy Marshal, under an execution issued from the Circuit Court of the United States for the western district of Michigan, against one Adolph Heyman who was plaintiff's husband. There are no legal conclusions set out in the finding, and there are some facts set out which would seem to indicate that there were questions discussed concerning the validity of plaintiff's title. We have had some doubt whether the court below did not err in failing to find more specifically as requested. But the facts actually found show title in plaintiff and show nothing to controvert it. We shall assume, therefore, what has been assumed by counsel for both parties, that the ground of the decision was that defendant's possession, though wrongful, must prevail over State process issued in favor of the real owner. And we shall consider the record as involving the question whether a United States Marshal, by seizing the property of a stranger to the execution in his hands, can cut off the right of the owner to recover his property thus wrongfully seized. For the right is effectually cut off if it cannot be replevied in a State Court, when there is no remedy provided by law for trying the title anywhere else.

The case supposed to stand in the way of this remedy is *Freeman v. Howe* 24 How. 450. The language of that case does, when taken by itself, tend to sustain the claim of defendant, and if it were applicable here, and not affected by subsequent decisions, we should be disposed (as stated in

*Carew v. Matthews* 41 Mich. 576) to regard it as perhaps disposing of the case. But when this decision is considered in the light of other decisions which are recognized as binding in the United States Courts, we think it has no force when applied to the issue before us.

The only ground of the decision was that the property there in controversy was in the custody of the United States Court for legal purposes, and that an effectual remedy existed in that Court to try and determine the rights of the adverse claimant. If this was so there was little room for discussion. The remedy there suggested was a bill in equity, which it was said would not be treated as a separate suit but only as a collateral proceeding in the same suit. And reference was there made to some other cases in which the question decided was, not whether one jurisdiction could interfere with another, but whether the remedy in equity was a proper remedy to protect the particular rights in controversy. In *Freeman v. Howe* there can be little doubt that there was a remedy in equity so far as the subject-matter was concerned, for the complaining parties were railroad mortgagees in trust and the property replevied by them was taken in that capacity against a levy not by execution, but under mesne process.

There was certainly some force in the suggestion that the remedy was there adequate, and the fact that the property was in the custody of the court was assumed. Possibly that is true in some cases in regard to property held under mesne process. But such has not been the view concerning property held under final process, and it has been uniformly held that a Marshal is a trespasser and in no way protected by his process when he seizes the property of a stranger.

In *Buck v. Colbath* 3 Wall. 334, the action was trespass, and therefore all that was said about other remedies was *obiter*. But it was distinctly intimated that the difficulty did not arise except concerning property actually or constructively in the possession of the court, and while litigation was still pending. Property under mesne process is in some cases the only basis of jurisdiction, and it is often subject to disposition for various purposes *pendente lite*, so that it may not only be

discharged from seizure, but may sometimes be dealt with otherwise. This creates at least a colorable, if not a real distinction, and may give some force to the claim that it is in the custody of the Court, although we are not prepared to say the distinction is usually in fact very important. The case of *Buck v. Colbath* is significant in confining the doctrine of conflict to interference with the action of courts, and in holding that a Marshal who levies on the property of a stranger is in no sense acting under process unless the writ directs the seizure of the specific property taken. The distinction between writs against specific property and those against undescribed property of named persons is made the turning point. And it was said emphatically that "the plaintiff in error is mistaken when he asserts that the suit in the Federal Court drew to it the question of title to the property, and that the suit in the State Court against the Marshal could not withdraw that issue from the former court. No such issue was before it, or was likely to come before it, in the usual course of proceeding in such a suit."

In the subsequent case of *McKee v. Rains* 10 Wal. 22, it was held that a trespass suit by a third person against a Marshal could not be removed into a Court of the United States, because his levy could not be regarded as made under any authority of the United States. This is certainly equivalent to holding that he is no better off than if he had no process, and it is difficult to conceive how it leaves any room for holding that a disturbance of his wrongful possession is an interference with the Court.

It would not be—we suppose—competent for Congress or any State, even by positive enactment, to deprive the owners of property of the right to vindicate their title by legal process in a judicial trial. There is no legislation which provides any method whereby Mrs. Heyman could secure her rights in the United States Court against Covell. Unless she has such a remedy in due form of law her only resort must be to the State Courts, and this is recognized in *McKee v. Rains* as well as in *Slocum v. Mayberry* 2 Wheat. 2. It was indeed held in *Freeman v. Howe* that equity would relieve in that

particular instance, and was said that it would in any case of wrongful levy on a third person's goods. If this were so, the case would not be difficult of redress. But it has since been held that there is no such remedy. In *Van Norden v. Morton* 99 U. S. 378, a bill in equity was filed in the Circuit Court of the United States for the district of Louisiana to secure protection and restoration against a Marshal's levy under an execution from the same Court, and the Circuit Court made such a decree. But on appeal to the United States Supreme Court it was held that replevin was the proper remedy to regain possession, or some similar proceeding in the nature of a common-law replevin, and that equity had no jurisdiction. The decree was reversed for want of jurisdiction, without prejudice to an action at law or other redress.

If there is no remedy by bill in equity then it follows that a common-law action is the proper redress, and such an action can only be brought in a court of the United States where the parties are such as to confer jurisdiction; and in such cases the statutes have made the jurisdiction concurrent with power of removal under certain circumstances. In the present case it does not appear that suit could have been brought anywhere but in the State Court, and the case has gone to judgment in the usual course.

We think there was no ground for refusing redress to plaintiff, and that she was entitled to judgment on the finding.

Judgment must be reversed with costs and judgment entered for plaintiff with nominal damages of six cents.

MARSTON, C. J., and GRAVES, J., concurred.

COOLEY, J. My brethren may be right in their view that the later decisions of the Federal Supreme Court have in effect overruled *Buck v. Colbath*, but I prefer to await an authoritative declaration to that effect by the court itself.