## LAUBENHEIMER, appellant, *v.* McDERMOTT, respondent.

CHATTEL MORTGAGE — *A pre-existing debt is a valuable consideration — Time for which may be given.* — Under section 4, Acts 12th Sess., 4, a chattel mortgage may be given for such time as the parties may agree upon, subject to be defeated when one year has expired after the filing in the proper recorder's office.

SAME — *Mortgagee, when cannot maintain claim and delivery.* — A mortgagee of personal property cannot maintain an action of claim and delivery to recover possession of the same from a third person, when the mortgage provides that the mortgagor shall retain possession of the property mortgaged. Right of possession is necessary as a basis for action.

*Appeal from Third District, Lewis and Clarke County.*

ISAAC D. McCUTCHEON, for appellant.

This mortgage for pre-existing debt is valid. Jones on Chat. Mort. sec. 81; 1 Col. 225; 3 Wis. 491.

This transaction is to be determined by Laws of 12th Session, p. 4, secs. 2–4.

Was this chattel mortgage good against creditors? A chattel mortgage is a present transfer of title of mortgaged property, subject to be defeated only by payment of the sum that it was given to secure. 54 N. Y. 18; 12 Wis. 498; 36 Cal. 414.

Filing such a mortgage for record is equivalent to delivery of the property. 19 Pick. 202; 48 Mass. 26; Jones on Chat. Mort. secs. 176, 236.

Possession of mortgagor is not adverse, but subordinate to that of mortgagee. Herman on Chat. Mort. sec. 99.

This mortgage was in conformity with law, and good as against creditors for one year from date.

Mortgaged property may be recovered from possession of one who unlawfully detains it by the mortgagee. 3 Sandf. (N. Y.) 607; 1 Hill (N. Y.), 473; 21 Wend. 300; 43 Miss. 456; 15 Me. 48; 8 Dick. 333.

BULLARD & BARBOUR, for respondent.

1. The mortgage was without consideration, and therefore void. 55 Miss. 361; 11 Neb. 448.

2. It was given to secure a note not maturing within a year, and therefore not valid.

3. The mortgage provides that the mortgagor shall remain in the possession, and there is no allegation that the possession was turned over to the mortgagee.

4. Even if such allegation had been made, it would not relieve the case, for possession cannot be maintained under an invalid mortgage. 43 Wis. 127; 49 N. H. 351.

The language of the statute is explicit, and it must be

construed in its ordinarily accepted meaning.   *Smith* v.
*Williams,* 2 Mont. 195; 35 Ill. 478; Sedg. Stat. Const.
p. 267.

COBURN, J.   This is an action for claim and delivery of
personal property, certain live stock.   The defendant
demurred to the complaint; the demurrer was sustained
and judgment was rendered on the demurrer and for
costs in favor of the defendant.   From this judgment
the plaintiff appeals.   It is stated in the complaint that
on the 20th day of February, 1882, one Valentine Lau-
benheimer, being indebted to plaintiff, gave to her his
promissory note for $6,000, payable to her order five years
after date, which sum is wholly unpaid.   That on the
21st of February, 1883, said Valentine Laubenheimer,
being a resident in good faith, etc., to secure this note,
executed and delivered a chattel mortgage to the plaint-
iff, of certain live stock, which was duly filed and re-
corded on the 28th of February, 1883.   That on the 23d
of January, 1884, the defendant, without the plaintiff's
consent, took a portion of the live stock described in the
mortgage, of the value of $1,500, from the possession of
the plaintiff, the plaintiff being entitled to the possession
thereof.   A demand is alleged before suit, and a refusal
and unlawful detention by defendant.

The defendant takes the position that this complaint is
insufficient, for the reason that there is no allegation of
any consideration for the mortgage mentioned in the
complaint, it not being given contemporaneously with
the note; and not being a part of the original transaction
at the time of the execution of the note.   And that it
was made solely for the purpose of securing the note,
which was executed a year and a day before it.   And
that for this reason the mortgage is not good even be-
tween the parties thereto.   That a pre-existing debt is
not a valid consideration, which can only rest upon some-
thing new or contemporaneous, or upon some change in
the evidence of indebtedness, etc.

We think the doctrine, that a pre-existing debt is a valuable consideration for a chattel mortgage, is sustained by the weight of authority. See Jones on Chat. Mort. sec. 81, and cases cited, in which he asserts "that such a mortgage protects the mortgagee to the same extent that he would be protected if he had paid a new consideration at the time of the mortgage." *Kranert* v. *Timon*, 65 Ill. 344; *Macbeth* v. *Wanless*, 1 Col. 225; *Paine* v. *Benton*, 32 Wis. 491; *Buttes* v. *Houghwont*, 42 Ill. 18; *Prior* v. *White*, 12 Ill. 261; *Wright* v. *Bundy*, 11 Ind. 398.

It would seem, then, that this mortgage is valid as between the parties, being founded upon a sufficient consideration, unless it is such a mortgage as is prohibited by the statute. The statute is as follows: Sec. 4, Acts 12th Sess. 4, is as follows: "Any mortgage of goods, chattels or personal property, acknowledged and filed as hereinbefore provided, shall thereupon, if made in good faith, be good and valid as against the creditors of the mortgagor and subsequent purchasers and mortgagees from the time it is so filed until the maturity of the entire debt or obligation for the security of which the same was given, and for a period of twenty days thereafter; provided, said time shall not exceed one year." The question arises, is this a provision limiting the operation of all chattel mortgages to one year? Or does it contemplate mortgages for any period of duration, subject to the attacks of creditors after the expiration of one year from the execution and filing of the mortgage for record? In other words, is the time limited to one year between the filing and maturity of the debt? And is a mortgage for a debt which does not mature until after the lapse of four years, valid and binding upon the parties thereto until overthrown by creditors?

This provision does not forbid chattel mortgages for a longer period than one year from the date of filing them for record; but recognizes them as valid, allowing them

to be assaulted and overthrown after that time by creditors of the mortgagor and subsequent purchasers and mortgagees. But if they make no assault, then it is fair to infer that the mortgage may remain in force during the time agreed upon by the parties to it. This limit of one year seems to be but an arbitrary provision fixing the period within which no attack can be made upon a chattel mortgage by the persons named, and we can perceive nothing in the nature of business or in public policy which should restrict parties from giving chattel mortgages for any period upon which they may agree; and we cannot infer from the language of the act, or from the state of society, or the course of business, that the legislature of 1881 intended to prevent parties from contracting, as to mortgages, for any time satisfactory to themselves. Formerly the statute provided that a chattel mortgage should be good and valid from the time it was recorded for a space of time not exceeding one year. R. S. 595, sec. 901. It would seem, then, if the respondent's construction is to be given to this statute of 1881, that the amendment amounted to nothing.

The language of the two sections is in no respect similar. "Creditors, subsequent purchasers and mortgagees" are not mentioned in the first act, but their interests are cared for in the second, that of 1881. The duration of the mortgage beyond one year is positively forbidden; and if this is the meaning of the act of 1881, why was any protection attempted to be given to creditors and third persons, by allowing them to attack a mortgage which, after one year, had expired, and was a nullity before the statute allowed it to be assaulted? This privilege accorded to them would be without value and absurd in its nature.

The true construction of this statute is, that a mortgage may be given of chattels for such time as the parties may agree upon, subject to be defeated when one year has expired after the filing in the proper recorder's office.

The respondent denies the right of appellant to the possession of the property, under the terms of the mortgage, which are as follows: "It is further provided that the said party of the first part, his heirs and assigns, shall have the right to remain in the possession of, and carefully use all of the above described property until." The mortgagee is not entitled to the possession, under the express terms of the mortgage. The right to the possession of personal property is essential in the plaintiff in an action for claim and delivery. Any fact showing that the plaintiff in this action had no right to the immediate possession when she began the suit is a complete bar to the action. The provision in the mortgage, that the mortgagor, Valentine Laubenheimer, should have unlimited possession, is such a fact, and bars the plaintiff in this suit.

In the case of *Belden* v. *Laing*, 8 Mich. 500, the court say: "The object of our statutory replevin is to determine the right of possession at the commencement of the action, as well as title to the property for temporary or permanent purposes connected with that possession." See *Clark.* v. *West*, 23 Mich. 242; *Davidson* v. *Waldron*, 31 Ill. 120; *Hill* v. *Freeman*, 3 Cush. 260; *Whitwell* v. *Wells*, 24 Pick. 25; *Johnson* v. *Neale*, 6 Allen, 227; *Wade* v. *Gray*, 12 Mason, 335. See, also, Wells on Rep. sec. 107, and notes.

The mortgagor under the agreement was, at the commencement of this action, entitled to the possession of the property.

The judgment is affirmed.