Reed, J.,
delivered the opinion of .the court.
The traverse of the allegations of the complaint put the plaintiff upon his proof of title or right to the possession of the chattels. The first fact attempted to be established was that the goods were furnished by the plaintiff to Gordon & Chindgren ; that the sale of them was not absolute, but conditional, and no title ever passed. 2d. That previous to the alleged levy, the goods were redelivered by Gordon & Chindgren to the plaintiff, possession taken, the goods separated from the balance of the stock, placed in a shed upon the premises of Gordon & Chindgren by the agent of the plaintiff, and the shed locked. 3d. That the alleged judgment of the Keokuk Stove Company against Gordon & Chindgren was void; consequently, that the writ of execution was also void.
*36 It is urged, that the court erred in directing a verdict in favor of the plaintiff. It is evident that the court decided as matter of law that the alleged judgment and writ of execution were void, and that the defendant’s attempted justification under them having failed, the defendant claiming no right to the possession except under them, that the right of the plaintiff was established; hence all that was necessary was to direct a verdict. This was erroneous. It left the issues in regard to the ownership of plaintiff and his right of possession untried.
Plaintiff, to maintain his action, must have primarily and affirmatively established his title to or right to possession of the goods. ■ Failing to do so, no recovery could be had. That title depended upon establishing one of two facts, — either that the original sale by the plaintiff to Gordon & Chindgren was conditional, and that plaintiff remained the owner, and that no title had passed, or that, Gordon & Chindgren had reinvested the plaintiff with the title by turning over the goods in discharge of its indebtedness or in payment of the same, and that the plaintiff, had so taken them, and that the possession had been taken by the plaintiff and was exclusive of any possession or control by Gordon & Chindgren.
These questions of fact were, under the evidence and proper instructions -of the- court, :to be found by the jury, and must have been found regardless of the question of the validity of the judgment. The. allegation in the complaint was “ that plaintiff was the owner and entitled to the immediate possession.” This was traversed by the answer, and must have been found by the' jury. In the special answer it was averred that the goods were the property of Gordon & 'Chindgren.
It is a good defense to an action of replevin that at the time the action was brought the plaintiff had no right to the possession. Clark v. West, 23 Mich, 242; Belden v. Laing, 8 Mich. 500.
“ A plaintiff in replevin must stand on his title, and any defense going to impeach his title is proper.” The plea of *37 property imposes, upon the plaintiff the necessity of establishing it and the right of exclusive possession. Cobbey on Replevin, sec. 784. “Any defense which controverts plaintiff’s right of possession at the time the suit was commenced is allowable, and if the question raised by plaintiff is one of title, any defense that shows title in some one else is proper.” Cobbey on Replevin, sec. 788, and cases cited.
By the special plea or answer it is averred that the property was that of Gordon & Ghindgren, and there was an attempted justification. “ When the property belongs to a third party, the plaintiff cannot recover. Anything going to show that the plaintiff had no right to the possession when he commenced his suit, is a complete bar to the action.” • Cobbey on Replevin, sec. 785 ; Clarke v. West, supra; Belden v. Laing, supra; Delaney v. Canning, 52 Wis. 266; Holderman v. Manier, 104 Ind. 118.
The court properly found that the alleged judgment and writ of execution under which the defendant attempted to justify were void. To avail as justification under plea of legal process the writ must be valid and legal. Griffith v. Smith, 22 Wis. 646; Gist v. Cole, 2 Nott & McC. (S. C.) 456; Dayton v. Fry, 29 Ill. 525.
.' It is contended upon the part of appellee that the supposed confession of judgment by Gordon for the firm without any authority from the partner, was void. This contention is abundantly sustained by authority. Black on Judgments, sec. 57; Bitzer v. Shunk, 1 W. & S. 340; York Bank's Appeal, 36 Pa. St. 458; Soper v. Fry, 37 Mich. 236 ; Hopper v. Lucas, 86 Ind. 43.
“ In a pending action against two defendants one of them cannot, in thé absence of the other, confess judgment against both; and a judgment rendered against both on the confession of one only, without evidence, will be set aside.” Black on Judgments, sec. 58; Wiggins v. Klienhans, 9 N. J. L. 249; Ballinger v. Sherron, 14 N. J. L. 144.
Counsel for appellant contends that the presumption of regularity and the presumed authority of. the-party appéar *38 ing to represent his partner must prevail. The answer to this is very brief. No presumptions arise dehors a record; its legality must appear upon its face. The statement of record is that Gordon, one of the defendants, and a member of the firm of Gordon & Chindgren, “and the defendants in this action, per George W. Gordon, filed their confession of judgment,” etc. It appears upon the face of the record that the court was without jurisdiction as to Chindgren, and the judgment against the firm void. Aside from this there is another and fundamental reason why the judgment should have been held void. As shown by the record, no suit had been instituted nor pending; the voluntary appearance of Gordon and attempted confession was the inception of the proceeding; no claim or demand by complaint or otherwise had been made by the plaintiff. The Civil Code provides how suit shall be instituted, and when pending there is no provision whereby a party can institute a suit, against himself, and confess a judgment for whatever amount he may see fit. Although in this instance the proceeding may have been honest, and the amount capable of proof, such practice opens too wide the door for fraud and collusion, and cannot be held valid as against other creditors.
It is urged that the validity of the judgment and writ could not be attacked collaterally. The attack was not collateral. Defendant attempted to justify under a judgment and writ. His defense was affirmative. Upon him rested the burden of showing a valid judgment. For this purpose he put in evidence a record showing upon its face its want of validity.
For the guidance of the court upon another trial, we will say that no valid judgment having been obtained by the Keokuk Stove Company at the time of the alleged transaction, the goods at the time of seizure were either those of Gordon & Chindgren or the plaintiff. At the time of the alleged transfer to the plaintiff, so far as appears from the record, Gordon & Chindgren had a legal right to transfer and set over the goods to the plaintiff in payment of a hona *39 fide indebtedness, and if they had done so, and the goods had been delivered to and the possession retained by the plaintiff, its title was valid, regardless of the question of absolute or conditional sale by it to Gordon & Chindgren in the first instance.
If the plaintiff relies Upon a conditional sale of the goods, and a resumption of the possession, such facts must be legally established. Conditional sales, without notice to other creditors of the fact or conditions, are not favored by the courts. Like other secret trusts, they are regarded as furnishing too great facilities for frauds. As to how they are regarded in this state, see a very late, able, and elaborate opinion by the supreme court in Jones v. Clark, 20 Colo. 353, and Harper v. The People, 2 Colo. App. 177. But in the case under discussion, no other creditor having legally intervened to assert rights against the property, the question of the character of the sale or the title to the property could only arise between the plaintiff and Gordon & Chindgren; and the latter offering no contention, but acquiescing in the title of the plaintiff, it seems immaterial whether the plaintiff at all time remained the owner and regained the possession, or by the act of Gordon & Chindgren became the owner in the payment of the debt. Either, if legally established, so as to show the title and possession of the plaintiff invaded by the act of taking, would be sufficient, as against a trespasser or wrongdoer, to maintain the action.
The judgment will be reversed, and cause remanded for a new trial in accordance with this opinion.

Reversed.