No. 10,940.

FARMERS UNION MILLING & ELEVATOR CO., ET AL. *v.* LOVE-
LAND FARMERS CO-OPERATIVE PRODUCE CO., ET AL.

Decided April 7, 1924.

Action involving the possession of personal property.
Judgment for an intervening creditor.

*Affirmed.*

*On Application for Supersedeas.*

1. DEBTOR AND CREDITOR—*Preferring Creditor.* A debtor has the right
   to transfer goods to one of his creditors in payment of a bona
   fide indebtedness.

2. *Personal Property—Possession.* Evidence reviewed and held
   to justify a finding by the trial court, that goods were trans-
   ferred to and in possession of one creditor of defendant before
   the levy of an attachment thereon at the instance of another.

*Error to the District Court of Larimer County, Hon. Neil
F. Graham, Judge.*

Mr. EDWARD V. DUNKLEE, Mr. EVERETT E. TROUT, Mr.
C. E. JOHNSON, for plaintiffs in error.

Mr. OTTO BOCK, Mr. MORTIMER STONE, for defendants in
error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action begun as one upon a promissory note
against The Loveland Farmers' Co-operative Produce Com-
pany, hereinafter referred to as the produce company.  The
plaintiff attached certain goods as the goods of the defend-
ant.  Other creditors of defendant intervened.  One of
these, The B. F. Avery & Sons Plow Company, claims that
the property attached is its own property and was in its
possession at the time of the issuance of the writ of attach-
ment.  The controversy relates to the property attached.
The court found the issues in that matter in favor of the
plow company.  The plaintiff and another intervening
creditor bring the cause here for review, and apply for a
supersedeas.

The plow company was the holder of a conditional sales contract, purporting to sell the goods herein involved to the defendant and reserving title in itself. This contract is not relied on. The goods were delivered to the defendant. The plow company contends that prior to the attachment the goods were returned to it and were in its possession. If this is the fact, then the judgment below may be sustained on the theory that the defendant had the right to transfer the goods to the plow company in payment of a bona fide indebtedness. *Buchanan v. Scandia Plow Co.,* 6 Colo. App. 34, 39 Pac. 899; *Coryell v. Olmstead,* 64 Colo. 378, 172 Pac. 14, 14 A. L. R. 5.

The principal contention of the plaintiffs in error is that the plow company did not have possession of the goods at the time of the attachment. In their brief they say:

"The undisputed evidence shows that the apparent possession of the goods and machinery in question was always in the Produce Company. In fact, the actual possession of the goods never left the Produce Company until attached by the Sheriff for taxes on March 9, 1923, in whose custody they have ever since been. At no time were they in the full possession of the Avery Company, which, in law, left the goods subject to attachment by the plaintiffs in error."

We are unable to agree with the statement quoted. The writ of attachment was issued on March 19, 1923. Prior to this time, and on March 4, 1923, the plow company demanded of defendant a settlement of the company's account, and in a day or two demanded a redelivery of the goods. About March 8, 1923, the defendant and the plow company inventoried the goods, then in possession of defendant, and the plow company gave a receipt for the goods. As between the defendant and the plow company, the goods were thereafter in the possession of the latter. The plow company then rented a warehouse. At about 6:30 o'clock a. m. on March 9, 1924, the plow company began removing the goods to its warehouse. It continued removing the goods, and removed all of them to the warehouse on the same day.

The contention of plaintiffs in error that the possession never was in the plow company is based on the actions of the sheriff, acting as a tax collector. The sheriff came to the defendant produce company's building about two or three hours after the plow company began removing the goods, and informed the representatives of the plow company that he "levied on this stuff for taxes." The sheriff allowed the plow company to continue to remove the articles, and allowed it to store them in its own warehouse. The sheriff actually took possession of the goods afterwards and when they were already in the plow company's warehouse.

In our opinion, under the foregoing facts the trial court was justified in finding that the goods were in the possession of the plow company before the attachment, and not in the possession of the defendant produce company. The possession of the plow company was sufficient as against other creditors of the defendant.

The application for a supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.