WILLIAM F. ENDERS *et al.*, Respondents, *v.* THOMAS RICHARDS, Appellant.

*Attachment—Fraudulent Conveyance.*—In an issue upon a plea in abatement to an attachment, alleging that the defendant had fraudulently conveyed or assigned his effects so as to hinder or delay creditors, the conveyance is fraudulent so as to support the attachment if the defendant made the conveyance with the fraudulent intent, although it may have been valid as to the trustee and the creditor secured.

*Evidence—Declarations.*—In an issue upon a plea of abatement, the statement of the defendant made after his conveyance is complete evidence against himself, but not against his assignee.

*Appeal from St. Louis Circuit Court.*

*Strong* and *Wood*, for appellant.

I. The proof is abundant that Redding was a creditor and one who had come forward very generously to aid Richards, without any expectation of profit. Such a creditor it was not only right for Richards to secure, but it was his duty to do so. Such preferences are sustained by ample authority. (Kuykendal v. McDonald, 15 Mo. 415, 420.)

The only testimony introduced to impeach the deed to Redding's trustee was the statements of Richards after the deed was executed and the property turned over to the trustee.

It would be a dangerous precedent to allow a grantor to invalidate his own conveyance, after its execution and delivery, by his own declarations. The law does not allow him to do this as a witness under oath—much less should he be allowed to do this by his unsworn declarations. (2 R. C. 1577-8.)

The case was tried upon the theory that a conveyance calculated or designed "to hinder or delay creditors" would sustain the attachment. This is not the law; it must be a "fraudulent conveyance with intent to hinder or delay creditors." It may be designed to hinder and delay some creditors; but if made with the intent and for the purpose to secure other *bona fide* creditors, it is not fraudulent, and does not authorize an attachment. (Kuykendal v. McDonald, 15 Mo. 415; Chouteau & Vallé v. Beach et al., 11 Mo. 385; Duval v. Barnum, 7 Mo. 449.)

It is therefore not an unimportant inquiry whether the title to the goods was or was not vested by the deed attacked in the vendee; not that it will affect his title in this suit, but to show the character of the deed. If it was fraudulent it conveyed no title. If it conveys a title it is not fraudulent, and if not fraudulent it will not sustain this attachment.

*Lackland, Cline & Jamison* and *Bell*, for respondents.

I. The court did not err in admitting the evidence objected to by defendant. The decision of the Circuit Court upon the questions admitting the evidence was correct and within the principle laid down by this court in the following cases, to wit: Lane v. Kingsbury, 11 Mo. 402; Field & Beardslee v. Liverman, 17 Mo. 218; Carson v. Murray, 15 Mo. 383.

II. The objections of defendant to admission of evidence are not well taken, because the bill of exceptions does not show any grounds for the objections. (Field v. Hunter, 8 Mo. 128; Bank of Missouri v. Bank of Baltimore, 10 Mo. 123; Duvall

v. P. &. S. Ellis, 13 Mo. 203 ; Rousin v. Perpetual Ins. Co., 15 Mo. 245 ; Clark v. Conway, 23 Mo. 438 ; Grimm v. Gamache, 25 Mo. 41.)

Where the instructions taken all together properly present the law of the case to the jury, the judgment of the Circuit Court will not be disturbed, although the instructions taken separately may be objectionable. (Williams v. Vanmeter, 8 Mo. 339 ; Neal v. McKinstry, 7 Mo. 128 ; Gamache v. Piquignot, 17 Mo. 310 ; Swearingen v. Orme, 8 Mo. 707 ; State v. McClure, 25 Mo. 338 ; Hall v. Webb, 28 Mo. 414.)

Although an instruction be given, which, standing alone, may not apply to all the facts in the cause, the judgment will not be reversed for that reason. (Neal v. McKinstry, 7 Mo. 128.)

Although an instruction may be erroneous, if it could not have been prejudicial to the party complaining, the judgment will not be disturbed. (Hall v. Webb, 28 Mo. 414.)

BATES, Judge, delivered the opinion of the court.

This is a suit by attachment. The affidavitt stated as the ground for the attachment that the defendant had " fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors." The defendant traversed that allegation, and the issue thus made was tried by a jury and found for the plaintiff. The only questions presented in the case were made at that trial.

The court instructed the jury for the plaintiffs as follows :

1. If the jury believe from the evidence that at the time of the commencement of this suit defendant had conveyed or or assigned any of his property or effects for the purpose of hindering or delaying any of his creditors in collecting their debts, or for the purpose of reducing his creditors to compromise or compound their debts against him by taking less than the amount really due, or for the purpose of inducing any of his creditors to grant him an extension of time for the payment of their debts against him, they will find for the plaintiffs.

2. Although the jury may believe that the deed of trust

dated July 5, 1859, a copy of which has been read in evidence, was executed by defendant for the purpose of securing *bona fide* debts due from defendant to George Redding and others, and that said Redding and the trustee named in said deed may have acted throughout that transaction in good faith, yet if they find that any part of the purpose of the defendant in making said deed was to keep off his creditors, or to hinder and delay them in collecting their debts against him, or to cover up his property from them, they will find this issue for the plaintiffs.

3. The only issue this jury have to try is, whether the facts stated in plaintiffs' affidavit are true or not. The title of the goods attached is entirely immaterial to this issue.

4. If you find that defendant was broken and unable to pay his debts when he made the deed dated July 5, 1859, (a copy of which is in evidence) to George Cooper as trustee of George Redding, and that the consideration therefor was that Redding should confer pecuniary benefits on defendant by paying him money or giving him notes for his own use and beyond the reach of his creditors, and that such were the object and purpose of the defendant in making the deed, you should find for plaintiffs.

The third instruction, as probably understood by the jury, is correct, (although it is so worded as to state the issue to be whether certain *facts* are *facts*,) and it is important to be borne in mind that the only issue is as to the truth of the allegations of the affidavit.

The evidence showed a conveyance by the defendant of a stock of goods (ready-made clothing, &c.) to one Cooper, to secure and pay debts to one Redding, and which the plaintiffs endeavored to show was made fraudulently, so as to hinder or delay his creditors.

The language of the affidavit, which follows the statute, declares the conveyance to have been made fraudulently, and so as to hinder or delay creditors. The issue is, therefore, double—first, whether the conveyance was fraudulent, and second, whether it did hinder or delay creditors. In

this case, the second branch of the issue appears to be conceded to the plaintiffs, and indeed, there can be no doubt that the deed for the benefit of Redding did hinder other creditors, as is almost always the case when a debtor in failing circumstances prefers one creditor. The real issue being whether the conveyance was fraudulent, we consider the instructions given with reference to that issue. The first (as well as the second) admits the good faith of the trustee and the beneficiary in the deed, but declares the deed fraudulent if the defendant, in making it, had the purpose to hinder or delay any of his creditors, or to induce them to compound with him, or give him time for payment; and the second is substantially the same as the first.

Whilst these two instructions are so worded as to give the plaintiffs an apparent advantage before the jury, we canot say that there is any error in them. This question was simply between the plaintiffs and this defendant, whether the deed was fraudulent, and if he made it for any of the purposes mentioned it was fraudulent. But that does not at all affect the title of the trustee to the goods conveyed, which may be perfectly good, and as to which no decision can be made in this case.

There is evidence tending to support the fourth instruction, (that of Redding and Coff,) and no other objection is made to it. The instructions asked by the defendant were properly refused; the first and fourth, because there is no question here of the property in the goods seized; the second and third, because the privity of Redding to the supposed fraud is not in or of the issue.

The plaintiffs were properly permitted to prove statements made by Richards shortly after the execution of the deed. They were given against himself only. They could not have been given to impeach his assignment in a suit against his assignee, but were perfectly good against himself.

We find no such error in the record as will justify a reversal.

Judgment affirmed. Judges Bay and Dryden concur.