SAMUEL SPENCER, Defendant in Error, v. GEORGE DEAGLE, Plaintiff in Error.

*Attachment—Fraudulent Conveyance.*—In an attachment brought on the ground that defendant had fraudulently conveyed his property and effects, it must be shown that conveyance was made for a fraudulent purpose or with fraudulent intent; it is not sufficient that the effect of the conveyance was to delay creditors.

*Error to St. Louis Common Pleas Court.*

*Sharp & Broadhead,* and *Voorhis,* for plaintiff in error.

I. Under the allegation of fraud, as set forth in the affidavit, the plaintiff simply introduced as evidence a deed of trust made by defendant. The deed is not fraudulent on its face. The question was, then, upon extrinsic facts, and was for the jury. The plaintiff asked no instruction on the question of fraud. He, however, brought the matter before the jury by the introduction of the deed. The doctrine of the court is, that there must appear an *intent* to hinder and delay creditors; that the mere effect of the deed to do so will not invalidate it, unless it is a voluntary deed. This is not such a deed. (Gates v. LeBaume, 19 Mo. 17.)

With the evidence before the jury, it was the duty of the court to instruct on the question of fraud. (Johnson v. McAllister, 30 Mo. 327; Potter v. McDowell, 31 Mo. 62.) Otherwise the jury were liable to be misled by the introduction of the deed, as was undoubtedly the case here. It appears from the evidence that a part of the consideration of the deed was a contingent liability. A contingent liability itself is sufficient consideration to support a deed of trust. (Hawkins v. May, 12 Ala. 673; Roden v. Jaco, 17 Ala. 344; Graham v. King, 15 Ala. 563; 5 Porter, Ala. 191; Thurston v. Prentiss, 1 Mich. 193.)

The deed, therefore, was good, and any attitude of the same before a jury, which could lead their minds to the idea that it was fraudulent, required to be properly explained by the court in an instruction. It was error in the court to refuse defendant's instruction on the subject of fraud.

*Knox & Smith*, for defendant in error.

The deed of trust is fraudulent on its face. It purports to convey liquors and cigars and perishable property, and it appears from the deed that the defendant was to continue in possession of the property conveyed, and buy and sell in the usual course of business.

BATES, Judge, delivered the opinion of the court.

This was a suit by attachment upon an account for goods sold and delivered. The affidavit for the attachment stated, that by contract the defendant was bound to pay for said property on delivery; that the defendant had fraudulently conveyed or assigned his property so as to hinder and delay his creditors; and that the defendant was about fraudulently to conceal or dispose of his property or effects, so as to hinder or delay his creditors.

The defendant filed a plea in the nature of a plea in abatement, putting in issue the truth of the facts alleged in the affidavit. Upon the trial of the issues thus made, the jury rendered a general verdict for the plaintiff, upon which judg-

ment was rendered that the defendant "had fraudulently conveyed or assigned his property so as to hinder or delay his creditors in manner and form as alleged in the petition herein." No objection was made or preserved as to the form of the verdict or judgment.

At the trial some evidence was given tending to prove that the articles sold and delivered were by contract to have been paid for on delivery. The evidence was different as to some articles from what it was as to others.

Evidence was also given that the defendant had given a deed of trust of personal property to secure a note for $2,500; and the defendant himself gave testimony tending to prove that he did not owe the whole amount of $2,500 mentioned in the note, but that he owed a portion of it, and the remainder of the note was intended to cover money and goods which he expected to receive from the payee. The note was also ante-dated. There was no evidence given tending to prove that the defendant was about fraudulently to conceal or dispose of his property or effects.

Among other instructions the court gave for the plaintiff the following:

"If the jury find from the evidence that before the institution of this suit the plaintiff had sold merchandise to defendant which was to be paid for on delivery, and which was not so paid for, they will find for the plaintiff."

The form of this instruction is objectionable in that it applies to merchandise generally, when it should have confined the inquiry to that referred to in the issue. The defendant may not have been injured by it, and it is referred to because the case must be reversed for another reason.

The defendant asked the following instruction, which was refused:

"This jury are instructed that to render the deed of trust in question fraudulent as to Deagle's creditors, it must appear from the evidence, and you must be satisfied that the deed was executed for that purpose. It is not enough that the effect of the deed is such as to delay creditors of defend-

ant, he must have executed it with that purpose and intent."

This instruction should have been given. The deed itself appeared to be fair, and made in good faith, and the intent to delay creditors was necessary to constitute it a fraud upon them. Other instructions were given, and others refused, which it is not necessary now to notice.

After the judgment upon the plea to the affidavit, the defendant made no further answer, and final judgment was given against him. The final judgment, and the judgment upon the issue made by the plea to the affidavit, are reversed and the cause remanded.

Judges Bay and Dryden concur.