RICHARD BOWDEN

*v.*

WILLIAM BOWDEN.

75   143
120   409
121   366
75   143
27a   458
75   143
52a   476
75   143
53a   680
75   143
105a   [5]637
105a   [4]637

1. APPEAL — *lies from county court to circuit court in insolvent proceeding.* Where a party arrested on a *capias ad satisfaciendum* denies the grounds for his arrest stated in the plaintiff's affidavit, and demands a jury to try the question in the county court, and they find against him, and the court remands him back to the officer having him in custody, such remanding order is not a ministerial, but a judicial, act, and is for all purposes final, and, therefore, an appeal lies from such order to the circuit court.

2. INSOLVENT DEBTOR — *cannot be compelled to schedule.* A debtor arrested on a *ca. sa.,* if found guilty of fraud on a trial of that question, cannot be compelled to schedule. He may do so in the cases allowed, but he cannot be compelled to.

3. FRAUD —*presumption as to, in sale of property.* An insolvent debtor has the right to sell his property to pay his debts, and where the design of such an act may be traced to an honest and legitimate source, equally as well as to a corrupt one, no fraud can be presumed.

4. SAME — *intent, how proved.* Fraud cannot be shown without proof of facts. The fact of disposing of the debtor's property must be shown, and the fraudulent intent. Direct evidence of witnesses speaking from their own knowledge of the fraudulent intent is not required. It is sufficient to

prove facts and circumstances strong enough to justify a jury in inferring such an intent.

5.  INSTRUCTIONS — *mistake that works no prejudice.* A slight mistake in the enumeration of property exempt by law, in an instruction, where it is evident it could not have misled the jury to the prejudice of the party complaining of it, will not be sufficient error for a reversal.

WRIT OF ERROR to the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an application to the county court of Jo Daviess county, by William Bowden, to be discharged from imprisonment for debt under a *ca. sa.* issued against him upon a judgment in favor of Richard Bowden, and taken by appeal to the circuit court.   The facts of the case are substantially stated in the opinion.

Messrs. D. & T. J. SHEEAN, for the plaintiff in error.

Mr. M. Y. JOHNSON, and Mr. JOHN W. LUKE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding under chapter 72, entitled "Insolvent Debtors," in force July 1, 1872.

It appears defendant was arrested on a *ca. sa.* issued on the affidavit of appellant and at his suit, charging him with refusing to surrender his estate for the payment of a judgment appellant had obtained against him in the circuit court of Jo Daviess county, and with fraud in disposing of his property to prevent the levy of appellant's execution thereon.   On being brought before the judge of the county court, he demanded to have the question whether he was guilty of such fraud or had refused to surrender his estate, tried by a jury.   A jury was empannelled, who found the defendant guilty, and he was remanded to the custody of the officer.   A motion for a new trial was refused, and judgment entered against the defendant for costs.   An appeal was prayed to the circuit court, which was granted, and

a bond executed in such amount and with such security as was approved by the court, conditioned according to law. On the execution of the bond the county court discharged the defendant from custody, to all which the appellant excepted.

In the circuit court a motion was made to dismiss the appeal, which was denied, and on trial then by a jury, the defendant was found not guilty

A motion for a new trial was overruled, and judgment rendered against appellant here for costs.

The first point made by appellant is, the circuit court erred in refusing to dismiss the appeal, he insisting that the county court had no right to allow an appeal. He contends that the statute does not allow an appeal in such a case, and after quoting that part of sec. 5 of the statute, which reads, "if the debtor shall be found guilty of such fraud or refusal, he shall be remanded to the custody of the proper officer, but such finding shall not prevent his availing of the other provisions of the act," he argues, that the order of remandment is a ministerial rather than a judicial act; that when the debtor is found guilty that is the end of that mode of effecting a release, and he is taken back to jail, being remanded there by the ministerial act of the court — that no judgment or judicial order sends him back, but the verdict of the jury does it — that there is no provision of the statute that he shall be adjudged guilty upon the verdict, and no judgment of guilt is entered against him; that after a verdict of guilty no other step could be taken by the debtor but to schedule. He further contends, that sec. 26, which provides, "any debtor or creditor who may feel himself aggrieved by any final order or judgment of the county court under the provisions of this act, may, at any time within ten days from entering such order or judgment, appeal to the circuit court of the county, upon giving bond in such amount and with such security as shall be approved by the county court," has no application to the case at the stage it had reached, as there was no final order, and not even a judgment for costs; that this section has relation only to

19—75th Ill.

proceedings where a schedule is presented, and to acts and orders consequent thereupon.

We cannot concur in this view of the statute. The order remanding the debtor, is not a ministerial, but a judicial act. The court is required by the statute to remand the debtor to the custody of the officer if he is found guilty. It is the sentence of the law on the facts found by the jury, and which the court judicially pronounced, as is shown by the record. This terminated the controversy, and was for all purposes a final order or judgment in that case. If this be so, then by sec. 26, above quoted, an appeal lay, and the court did not err in refusing to dismiss it on motion.

We cannot concur in the view appellant presents, in regard to scheduling. A debtor arrested on a *ca. sa.*, if found guilty of fraud, cannot be compelled to schedule. The law contains no such provision. He may, if he chooses, spend the balance of his days in jail, or so long as his creditor is willing and able to pay his board and jail fees, at the rate of one dollar and fifty cents per day. It is provided by sec. 34, when the defendant, arrested upon final process, shall not be entitled to relief under the act, if the plaintiff will advance the jail fees and board, in manner hereinbefore provided, the defendant may be imprisoned at one dollar and fifty cents per day, until the judgment shall be satisfied, and the officer making the arrest shall indorse the execution, " Satisfied, in full, by imprisonment." R. S. 1874, p. 589.

If the appeal was properly allowed, then appellant contends the bond required by the county court, on allowing the appeal, was insufficient. The answer to this is, the statute authorizes the county court to direct the amount of the bond and approve the security, and on this appeal the action, in that respect, will not be reviewed.

It is further insisted by appellant, that the circuit court should have granted a new trial.

On this point, without going into a close consideration of all the facts in evidence, it is sufficient to say, there are many circumstances in the case well calculated to excite a reasonable sus-

picion of the honesty and fairness of the debtor's conduct in disposing of his property. The question before the jury was, had he fairly and honestly disposed of his property, under the circumstances of this indebtedness to appellant, or did he dispose of it in the manner he did, with the design of hindering, delaying and defrauding this creditor.

This debtor would appear to have been in embarrassed circumstances, if not insolvent; and if he was insolvent, he had the right to sell his property to pay his debts. *Waddams* v. *Humphrey*, 22 Ill. 661; *Wood* v. *Shaw*, 29 ib. 444. If the motive and design of an act may be traced to an honest and legitimate source, equally as well as to a corrupt one, the former should be preferred. *McConnell* v. *Wilcox*, 1 Scam. 344. To impeach the sale of personal property, it is necessary to show that both vendor and purchaser designed to delay creditors. *Brown* v. *Riley*, 22 Ill. 45; *Myers* v. *Kinzie*, 26 ib. 36; *Gridley* v. *Bingham*, 51 ib. 153.

To establish fraud of the character charged in this proceeding, all the circumstances should be considered and weighed by the jury. Fraud may be said to be the judgment of law on facts and intent. The facts of disposing of his property by the debtor are proved — the intent with which it was done, must also be proved, and if shown to have been with the intent to hinder, delay or defraud this creditor, or his creditors generally, then the judgment of the law would be that such a disposition of his property was a fraud upon them. These are not to be proved by direct evidence of witnesses speaking from their own knowledge of the fraudulent intent, for parties intending fraud do not call witnesses to the transaction, but facts and circumstances strong enough to justify a jury in inferring a fraudulent intent. Fraud cannot be presumed without proof, but facts and circumstances may be proved from which the jury would have the right, and be required, to infer fraud.

This proposition was plainly placed before the jury by the third instruction asked by appellant, rendering it unnecessary to give the seventeenth, which is of the same import.

Some objection is made to giving the eighth instruction for the defendant. All the property therein enumerated may not be exempt by law from execution, but the most of it is, and if a mistake was made by the court in this regard, it could not have misled the jury to the prejudice of the plaintiff. The great question before the jury was, had the defendant disposed of his property in fraud of his creditors, and of plaintiff in especial. We think, on an examination of all the testimony, the jury found properly, and were not misled by the court.

The judgment must be affirmed.

*Judgment affirmed.*