# H. & J. Schwabacker

## *v.*

# E. L. Rush *et al.*

1. Attachment — *issue on plea to the affidavit.* Where an affidavit states, as ground for an attachment, that the defendant, within two years preceding the filing of the affidavit, had fraudulently conveyed and assigned his property, so as to hinder and delay creditors, and the defendant, by his plea, traverses the affidavit, the only question is whether the defendant has, within two years before the commencement of the suit, fraudulently conveyed or assigned his effects so as to hinder or delay his creditors.

2. Where the issue in an attachment suit is whether the defendant has fraudulently conveyed or assigned his property within two years preceding the commencement of the suit, so as to hinder and delay his creditors, the question whether goods sold by him were delivered to the purchaser so as to pass title as against his creditor, is not presented.

3. Same—*non-delivery of goods not evidence of fraudulent sale.* A sale of goods made in good faith for a valuable consideration, although there is not such a delivery as to pass title to the purchaser as against the creditors of the seller, does not amount to a fraudulent assignment or conveyance so as to hinder and delay creditors, within the meaning of the Attachment Law.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Hughes & McCart, for the appellants.

Messrs. Stevenson & Ewing, for the appellees.

Mr. Chief Justice Scott delivered the opinion of the Court:

This action was commenced in attachment, and was tried by the court without the intervention of a jury. There having been personal service upon defendants, judgment was rendered against them for the amount of the note which was the basis of the action, but the court found the issues on the plea in abatement to the attachment writ, for defendants, and quashed the writ. That decision is assigned for error.

The allegation in the attachment affidavit is, defendants,

within two years preceding the filing of the affidavit, had fraud-
ulently conveyed and assigned their property and effects, or a
part thereof, so as to hinder and delay creditors. Traversing
this allegation, defendants say, in their plea, they did not,
within two years preceding the filing of the affidavit herein,
fraudulently convey or assign their property and effects, or any
part thereof, with intent to hinder and delay their creditors.

The attachment was levied upon a stock of drugs and other
goods usually kept in a small retail drug store. One of defend-
ants owned the building in which the goods were kept, and
the stock of drugs was formerly owned by defendants, as part-
ners. In May, Robertson sold out his interest in the goods
to his partner, Rush, and in July, following, Rush not only
sold the entire stock of goods, but also the house and lot, to
one Sage. It is this latter sale that is alleged to be fraudulent,
and made with a view to hinder and delay the creditors of
defendants.

Sage was to pay $500 for the goods and $500 for the house
and lot. Rush was indebted to Sage in the sum of about $460.
By agreement this sum was deducted from the amount of the
purchase money, and the residue Sage paid in cash and his
two notes, one for $200 and the other for $300. The latter
note has since been paid.

Whether there was such delivery of the goods as would pass
the title to Sage as against creditors of defendants, is not a
question in this case. Sage is not a party to this suit, and it
does not seem that issue can be appropriately tried in this ac-
tion. Before his rights can be cut off, he ought to have a day
in court. The single issue is, whether defendants had, within
two years preceding the commencement of this action, fraud-
ulently conveyed or assigned their effects, or a part thereof, so
as to hinder or delay their creditors. The sale may have been
*bona fide,* for a valuable consideration, yet if there had been
no delivery of the goods, the property might still be liable to
an execution against the property of defendants; but if the
sale was a fair transaction, for a valuable consideration, yet,
notwithstanding there may have been no sufficient delivery

of the property, we apprehend the attachment could not be maintained. It is indispensable the assignment or conveyance of the property should have been fraudulent, so as to hinder or delay creditors. That is the issue made by the pleadings, and not whether there had been such delivery of the property to the vendee as would pass the title to the purchaser, as against execution creditors of defendants.

In this view of the law the finding of the court was warranted by the evidence. There is no dispute that Rush was largely indebted to Sage for borrowed money. Sage bought the goods and storehouse in good faith, and paid all the property was worth. Deducting the amount Rush owed him, he paid in cash, and gave his notes for the balance, and has since paid the one for the largest amount. Every dollar of the money for which the property was sold was appropriated to pay the debts of defendants.

The weight of the evidence is, the sale was a fair one; that the property was sold for all it was worth, and was purchased by Sage in the utmost good faith. It does not militate against the validity of the sale that a part of the purchase money was paid by Sage in a pre-existing indebtedness. He is entitled to the same protection as though he had paid a new consideration for the entire property. *Kranert* v. *Simon*, 65 Ill. 344.

We repeat, we have not considered whether there was such delivery of the property as the law requires to pass the title to the vendee, as against creditors of defendants, for the reason we do not think that question arises on the case. It is enough it does not appear the property was fraudulently conveyed or assigned, so as to hinder or delay creditors of defendants. On this question the evidence fails to support plaintiffs' theory of the case.

The judgment must be affirmed.

*Judgment affirmed.*