## CLARENCE V. SHOVE

v.

## JOHN V. FARWELL ET AL.

1. ATTACHMENT — FRAUDULENT CONVEYANCE OF PROPERTY. — The fraudulent conveyance of property named in the statute which makes it subject to seizure upon process of attachment, is one where there is a wrongful intent upon the part of the vendor in making such sale, to hinder or delay creditors.

2. FRAUD MUST BE A QUESTION OF FACT.—The law will not permit a creditor to ignore the process of the common law in the collection of his debt,. and proceed by a summary process, from the fact alone that the debtor has within two years conveyed his property; another element must exist in the transaction—the fraud of the debtor—and such fraud must be one of fact as contradistinguished from a legal or constructive fraud.

3. CONVEYANCE IN GOOD FAITH UNDER AN AGREEMENT TO REIMBURSE A CREDITOR.—The statute does not apply to cases where a debtor procures property in good faith under an agreement to re-convey if payment is not made according to agreement.

4. POSSESSION BEFORE LIEN ATTACHED.—Although the contract between appellant and his creditor Spicer might not be good as a conditional sale, and was invalid as a chattle mortgage, yet if Spicer in good faith took possession of the goods before the lien of other creditors attached, he could maintain such possession as against subsequent attaching creditors.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed November 2, 1881.

Messrs. PEPPER & WILSON, for appellant; that a pledge is good if founded upon good consideration, and there is no purpose to defraud creditors, cited Kergin v. Dawson, 1 Gilm. 86.

A debtor may prefer one creditor to another, and a transfer of property to such creditor is not fraudulent: Funk v. Staats,. 24 Ill. 633; Hessing v. McCloskey, 37 Ill. 341.

Property to be subsequently acquired may be held under a mortgage if possession is taken before other liens accrue: Gregg v. Sanford, 24 Ill. 17.

A chattel mortgage, though not in statutory form, is good if possession is taken before other liens accrue: Whisler v. Roberts, 19 Ill. 274; Read v. Wilson, 22 Ill. 377; Frank v. Miner, 50 Ill. 444; Thornton v. Davenport, 1 Scam. 296.

An insolvent debtor may sell or pledge his property, if done in good faith, to pay or secure a debt:   Wood v. Shaw, 29 Ill. 446.

A delivery before the attachment of any lien, will validate the sale:   Hilliard on Sales, 183; Bartlett v. Williams, 1 Pick. 288; Kendall v. Samson, 12 Vt. 515; Coty v. Barnes, 20 Vt. 19; Wilson v. Leslie, 20 Ohio, 161; Nelson v. Wheelock, 46 Ill. 25; Frank v. Miner, 50 Ill. 445; Smith v. Stern, 17 Pa.

St. 360; Sevin v. Russell, 42 N. Y. 251; Hoopsmith v. Cope, 6 Whort. 53; Murray v. Riggs, 15 Johns. 571; Snyder v. Gee, 4 Leigh, 535; Carr v. Glasscock, 3 Gratt. 354; Jones v. Dwyer, 15 East. 27.

Messrs. Bassett & Wharton, and Messrs. Martin, Murphy & Lynch, for appellees; that this was an illegal contract, for fraudulent purposes, cited Davis v. Ransom, 18 Ill. 397; Durning v. Mead, 90 Ill. 376; Robinson v. Elliott, 22 Wall. 513; Henry v. R. I. Locomotive Works, 3 Otto, 664; Ford v. Williams, 3 Kernan, 577; Edgill v. Hart, 13 Barb. 380; Delaware v. Ensign, 21 Barb. 85; Griswold v. Shelden, 4 Comst. 580; Hart v. Crane, 7 Paige Ch. 37; Ward v. Trotter, 3 Mon. 1.

A subsequent creditor may take advantage of a fraudulent sale or transfer if made for the purpose of defrauding creditors: Mattingly v. Nye, 8 Wall, 307; Lloyd v. Bunce, 41 Ia. 660; Winchester v. Carter, 12 Allen, 506; Trafton v. Hawes, 102 Mass. 541; Lormore v. Campbell, 60 Barb. 62; Pratt v. Myers, 56 Ill. 24; Churchill v. Wells, 7 Caldw. 364; Wilcox v. Morgan, 2 Cal. 473; Boies v. Henney, 32 Ill. 130; Blow v. Gage, 44 Ill. 208; Hanford v. Obrecht, 49 Ill. 146; Strohm v. Hayes, 70 Ill. 41.

If there be a design to defraud, the transfer will be voidable as to subsequent creditors: Read v. Livingstone, 3 Johns. Ch. 481; Bennet v. Bedford Bank, 11 Mass. 421; Damon v. Bryant, 2 Pick. 411; Parkman v. Welch, 19 Pick. 231; Jenks v. Clement, 14 Am. Dec. 698; Story on Sales, § 513.

The finding of the court stands as the verdict of a jury: Ambs v. Honore, 24 Ill. 122; Thomas v. Rutlege, 67 Ill. 213; T. W. & W. R. R. Co. v. Elliott, 76 Ill. 67.

A new trial will not be granted unless there appears a want of evidence to support the finding: White v. Clayes, 32 Ill. 325; Unlauf v. Bassett, 38 Ill. 96; Railroad Co. v. Coal Co. 36 Ill. 60; Tolman v. Race, 36 Ill. 472.

Pillsbury, J. It appears from the record in this case that on the 4th day of October, 1880, the appellee sued out of the Circuit Court of Mercer county an attachment against the ap-

Shove v. Farwell.

pellant's property, alleging in the affidavit as a ground for the writ that the defendant had within two years prior to the filing of the affidavit, fraudulently conveyed and assigned his effects, so as to hinder and delay his creditors; and that he had within the same time fraudulently concealed and disposed of his property, so as to delay and hinder his creditors, and was about to do so for like purpose.

The defendant filed his plea, traversing the allegations of the affidavit, upon which issue was joined, and a trial had before the court, resulting in a finding in favor of the appellees.

A like finding was had upon the merits and final judgment rendered against the appellant, from which he appeals to this court, assigning for error the finding of the court sustaining the attachment.

The only ground relied upon by the plaintiff below, to sustain the writ of attachment, was an alleged sale of his property, consisting of a stock of goods by the defendant, to one R. H. Spicer, made December 10, 1878.

It appears from the record that on the 19th day of February, 1878, a bankrupt stock of goods of Dennison and Stewart, were sold for $2,224, for which Spicer gave his notes, and turned the possession of the goods over to Shove, under some kind of an arrangement that Shove should pay for the goods. This arrangement was in the December following evidenced by a written contract between Shove and Spicer, wherein is recited the purchase by Spicer of the goods, the giving of the notes, and the fact that Spicer had for the purpose of replenishing the stock, advanced $250 in money, and given his note for $700 more, dated Nov. 24, 1878, to the Farmer's Bank of Aledo. It was then agreed that if Shove would pay the interest on said notes, and the principal of the notes at maturity, and thus relieve said Spicer from all liability thereon, then Spicer would release all his interest in said goods to Shove, but until Shove complied by paying the notes and interest, Spicer was to retain his ownership of the goods, and upon default by Shove, Spicer might take the possession of all the goods in the custody of Shove at the time of such default, whether of the original stock or subsequent purchases, and dispose of them as he might see proper.

Under this contract, Spicer took possession of the goods on the 3d day of August, 1880, by and with the consent of the appellant. It is this transaction which it is claimed makes the appellant amenable to the act concerning attachments. It is perhaps immaterial whether the transaction be considered as a conditional sale, or in the nature of a chattel mortgage security, to secure Spicer in his advancements to Shove, as in either case it could not be sustained as to any creditor who should acquire a valid lien upon the goods while Shove still remained in possession, for if a conditional sale, it would be invalid as to such creditor under the authority of McCormick v. Hadden, 37 Ill. 370; Ketchum v. Watson, 24 Ill. 591, and Murch v. Wright, 46 Ill. 488, and if designed as a mortgage it was not executed in conformity to the provisions of the statute, but in either case, if the transaction was in good faith and the vendor or mortgagee should reduce the goods to possession before any valid lien attached thereto, it is apprehended that he would be in as good a position as to subsequent attaching or execution creditors as though the possession had always remained in him. Frank v. Miner, 50 Ill. 444.

There was no attempt made in the court below to show that the appellant was not indebted to Spicer, but it is urged that the contract between them was not a valid one as against creditors, as the possession of the goods remained with the appellant, and therefore was fraudulent in law and that by such a disposition of the goods, coupled with the transfer of the possession to Spicer, makes the appellant guilty of such fraud as to justify the attachment of his property. To this proposition in its entirety we cannot assent.

The fraudulent conveyance of property named in the statute, and which makes any property of the vendor subject to be seized upon process of attachment for two years after the fraudulent sale is made, is one where there is a wrongful intent upon the part of the vendor in making such sale; the very term " fraudulent conveyance " implies an intent to defraud, and the statute declaring that the fraudulent conveyance need only go to the extent of hindering or delaying the creditor;

the design of the debtor in making such sale or conveyance, need not be to forever defeat the creditor, but will be complete under the statute if it is co-extensive with the effect of the conveyance, as hindering or delaying his creditors.

The law, however, does not allow a creditor to ignore the process of the common law, in the collection of his debt, and resort to a summary seizure of the debtor's property upon mesne process, from the fact alone that the debtor has, within two years, sold his property, or any part of it, or has secured some other creditor by mortgaging or pledging it, even though the attaching creditor should thereby be hindered or delayed in the collection of a just debt.

Another element must exist in the transaction—the fraud of the debtor. And in our opinion the statute contemplates that this fraud shall be one of fact as contradistinguished from a legal or constructive fraud.

If a man has shown himself to be dishonest, by making a conveyance of his property, designing thereby to delay and hinder his creditor, and such effect is produced, then, for the space of two years, the statute permits the creditor to treat him as one who may repeat his fraud, and authorizes its prevention by a seizure of his property, upon mesne process, and hold it to answer any judgment that may be rendered in the action.

But we do not believe that it was the intention of the legislature to place a man in the same condition, who, in good faith, obtains possession of property, under an agreement, characterized by the law as a conditional sale, or who attempts to secure a *bona fide* creditor, by chattel mortgage upon his property, and fails through some mistake or inadvertence to conform to the statute, or who sells his property for a valuable consideration, and before possession is delivered to the vendee it is taken upon execution against the vendor.

In all these cases the property thus remaining in the possession of the debtor, can be held by his creditor obtaining a valid lien upon it, before the possession becomes united with the ownership, and this upon the ground that the possession of the property and its apparent ownership being in the same

person while the real ownership is in another, is a constructive fraud, and as against lien creditors, the law considers the party in possession as having the title.

This kind of fraud, however, disconnected from any intent of the debtor to delay or hinder his creditor, is not of itself of that character, that under the statute must exist in the transaction to justify the creditor in attaching the property of the debtor.

Of course, under an issue as made in this case, the whole transaction can and should be examined by the jury upon the question whether the sale or conveyance was a fraudulent one within the statute, but if after considering all the evidence in the case, the transaction is entirely consistent with good faith, upon the debtor's part, the issue should be found for him.

These views find support in the case of Spencer v. Deagle, 34 Mo. 455, where it was held under a statute like ours, that in order to sustain an attachment, a fraudulent intent must be shown to exist in making the conveyance, and that it was not enough to merely show that the effect of the conveyance was to hinder and delay creditors. We have carefully examined the evidence contained in this record, and fail to find any sufficient proof that, in the transaction between appellant and Spicer, the appellant was actuated by any fraudulent intent. So far as we are able to discover from this record, the contract between Spicer and the appellant was made in good faith, to secure Spicer in the purchase money of the goods and money advanced, and if this be so, then the sale furnishes no ground upon which to base an attachment, although it might not, perhaps, be the best way either to give or take security. For the reason that the finding upon the issue made upon the plea traversing the affidavit is not supported by the evidence, the judgment of the court below will be reversed and the cause remanded for a new trial.

Judgment reversed.