## ALBERT A. SPEAR ET AL.
## v.
## EDWARD W. JOYCE.

*Attachment—Clause 6, Sec. 1, Chap. 11, R. S.—Only Intention of Grantor, Material—Instruction.*

1.   Upon the trial of an attachment issue, under Clause 6, Sec. 1, Chap. 11, R. S., it need not appear that the grantee participated in the fraudulent intent of the grantor to hinder or delay his creditors.

2.   Where only the interests of the grantor are involved, only his intention is material.

### [Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. EDWIN BURRITT SMITH and JOHN BARTON PAYNE, for appellants.

The conveyance complained of is a chattel mortgage executed by the defendant when insolvent, May 14, 1886, conveying his entire stock of goods, wagons, harness and one horse, being his entire unincumbered property, except household furniture. This mortgage purports to have been given to secure two notes payable to Emma Molter, the mortgagee, one for $375 and the other for $538, due ten and twenty days after date, respectively. The alleged consideration for the note for $375 was an indebtedness of $261 to the Molter Furniture Company, the firm of which said Emma Molter was a member, and a fee of $100 to the attorneys who acted for the parties, for services having some connection with the conveyance. The alleged consideration for the note for $538 consisted of all the claims of the other creditors of said Joyce, except the claim of the plaintiffs for $569.06. The claims of said creditors so intended to be secured (to them) by said conveyance amounted to but $445.90, or $92.10 less than the face of said note. The mortgagee took possession of the mortgaged property on the day after the mortgage was given, closed the store of the defendant and advertised the stock and other

property for sale. Prior to the sale appellants brought this proceeding, and had Emma Molter and said Emma and Wilhelmina Molter, as co-partners, served as garnishees.

The defendant pleaded only to the attachment writ, and the only issue presented was whether said conveyance was made to hinder or delay his creditors. The title of Emma Molter, the mortgagee, was not in issue. The question was simply whether the conveyance made by the defendant Joyce was made with the intent to defraud. Emma Molter was not a party, and no issue was made as to the *bona fides* of her debt. The instruction in question was highly improper, as it required the jury to find that the attachment was improperly brought, unless both the defendant and the mortgagee participated in the intent to hinder and delay the plaintiffs. Pettingill v. Drake, 14 Ill. App. 424, 427; Enders v. Richards, 33 Mo. 598, 602; Waples on Attachment, 57, and cases cited.

Weigley, Bulkley & Gray, for appellee.

It is insisted that the sixth instruction was erroneous because the title of Emma Molter was not in issue, and that the question was simply whether Joyce made the mortgage with intent to defraud. The issue is much broader than that. The allegation in the affidavit of attachment is that Joyce "fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder or delay his creditors." The issue goes to the conveyance itself. Was it a fraudulent conveyance? To make the conveyance fraudulent as to creditors, both Joyce and Emma Molter must have participated in the fraudulent intent. Herkelrath v. Stookey, 63 Ill. 486; Bowden v. Bowden, 75 Ill. 143; Myers v. Kinzie, 26 Ill. 36; Ewing v. Runkle, 20 Ill. 449.

Mr. Justice Breese, in the case of Bowden v. Bowden, *supra,* says: "To impeach the sale of personal property it is necessary to show that both the vendor and purchaser designed to delay creditors."

Whatever may have been the moral intent of Joyce in making this mortgage, his legal intent can only be established by his acts. The moral intent is something with which we

have nothing to do—something intangible or incapable of being measured or determined. His legal intent we can determine from his acts and the result of them. If the conveyance that he made was a legal conveyance, *bona fide* in law, then the intent with which he made that conveyance, legally speaking, must have been *bona fide*. And if, on the other hand, the conveyance was fraudulent in law, then, legally speaking, it was made with a fraudulent intent. In other words, the intent with which he made it can only be determined by the result, to wit, the quality of the conveyance. That being the case, an instruction, to be correct, must inform the jury what constitutes a fraudulent conveyance, and that is just what the instruction in question did.

GARY, J. This was a suit by attachment, in which the affidavit, traversed by the appellee, alleged that the appellee fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder or delay his creditors.

The sixth instruction of the appellee was that the appellants, in order to sustain the issue, must prove by a preponderance of the evidence that the alleged fraudulent conveyance was given with the intent on the part of both the appellee and the grantee to hinder, delay and defraud the creditors of the appellee. This is contrary to the doctrine of Pettingill v. Drake, 14 Ill. App. 424, and Enders v. Richards, 33 Mo. 598.

Appellee very ingeniously argues that he could not fraudulently convey, except by a fraudulent conveyance, and that no conveyance is fraudulent unless the grantee participates in the fraud; citing Herkelrath v. Stookey, 63 Ill. 486; Bowden v. Bowden, 75 Ill. 143; Myers v. Kinzie, 26 Ill. 36; Ewing v. Runkel, 20 Ill. 449. These cases unquestionably support the latter branch of his proposition, but they are applicable only where the title of the grantee is attacked. Where only the interests of the grantor are involved, then only his intention is material.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*