# John C. W. Rhode
## v.
# J. S. Oscar Matthai.

*Attachment—Stock and Fixtures—Fraudulent Conveyance—Mortgage.*

1.  Mortgages upon stock and fixtures are invalid, so far as the stock is concerned, as against creditors of the mortgagor, when sales therefrom are made by consent of the mortgagees.

2.  Upon attachment proceedings based upon the charge that the defendant had fraudulently conveyed his property, this court declines, in the absence of evidence of fraud in fact, to interfere with the judgment in his behalf.

[Opinion filed December 24, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Matz & Fisher, for appellant.

Chattel mortgages permitting a sale of mortgaged stock, or where there is a knowledge by the mortgagee of the sale of mortgaged stock and an appropriation of the proceeds to the use of the mortgagor, are fraudulent as against attaching creditors.

While our Supreme Court seems never to have passed upon the questions, we respectfully contend that a mortgage with an express or implied arrangement or understanding between the mortgagor and mortgagee, or knowledge on the part of the mortgagee, that the mortgagor is disposing of the mortgaged chattels and appropriating the proceeds to his own use, is fraudulent as against attaching creditors, and should be so declared by this court, as it has been by the courts of other States.

In City Bank v. Westbury, 16 Hun, 458, an attachment was issued against the defendant, a boot and shoe manufacturer, on the ground that he had made a fraudulent disposition of his property. He had given a chattel mortgage on all

stock manufactured, and to be manufactured, and made an agreement with the mortgagee that he should continue in possession and sell partly for his own use. The court held it fraudulent *per se* and ground for attachment.

In Place v. Langworthy, 13 Wis. 629, a mortgage was given on a stock of goods, authorizing the mortgagor to retain possession of the property and dispose of it in regular course of retail trade, paying out of the proceeds all necessary expenses of the business, and of the support of the mortgagor and his family, so long as he should deposit the excess to the credit of the mortgagee. It was held upon its face fraudulent in law and ground for attachment.

In Orton v. Orton, 7 Oregon, 478, it was held that where it appears either on the face of a chattel mortgage or by parol evidence, that the mortgagee of personal property had given to the mortgagor unlimited power to dispose of the property mortgaged for the use of the mortgagor, the mortgage is fraudulent as to attaching creditors.

In Putnam v. Osgood, 52 N. H. 148, it was held that an agreement or understanding between a mortgagor and mortgagee of chattels, though made after the execution of the mortgage, that the mortgagor may sell the mortgaged property or a part thereof on his own account, renders the mortgage void as to attaching creditors, and such agreement or understanding will be proved by evidence that the mortgagor did so with the knowledge of the mortgagee and without objection on his part.

In Steinart v. Deuster, 23 Wis. 136, it was held that where there was an oral agreement between mortgagor and mortgagee of chattels that the former should retain possession of the goods and sell them in the regular course of business and apply the proceeds to his own use in the support of his family and otherwise, the mortgage was fraudulent to attaching creditors.

Messrs. RUBENS & MOTT, for appellee.

Only two cases are cited by appellant which sustain his position; these are City Bank v. Westbury, 16 Hun, 458, and Anderson v. Patterson, 64 Wis. 557.

Rhode v. Matthai.

Both of these cases hold that such a mortgage is a fraudulent conveyance within the meaning of the attachment acts of those States respectively.

The contrary has been decided in Kentucky and Missouri. Ross v. Wilson, 7 Bush. 29; Spencer v. Deagle, 34 Mo. 455.

The Missouri attachment act is the same as our own, and in Spencer v. Deagle, *supra*, where the question was as to whether a chattel mortgage, covering a stock of liquors and cigars, and from which it appeared that the mortgagor was to make sales, would authorize an attachment, the court says: "The defendant asked the following instruction, which was refused: 'This jury are instructed that to render the deed of trust in question fraudulent as to Deagle's creditors, it must appear from the evidence, and you must be satisfied that the deed was executed for that purpose. It is not enough that the effect of the deed is such as to delay creditors of defendant, he must have executed it with that purpose and intent.' This instruction should have been given. The deed itself appeared to be fair, and made in good faith, and the intent to delay creditors was necessary to constitute it a fraud upon him."

This case has been cited with approval and the same doctrine declared in this State.

GARY, P. J.    This case is nearly the converse of Spear v. Joyce, 27 Ill. App. 456.   It is an attachment based upon the charge that the appellee had within two years fraudulently conveyed, etc.

He kept a saloon and the stock and fixtures were covered by chattel mortgages.   He made sales from the stock in the ordinary course of business, necessarily with the knowledge, and implied, if not express, consent of the mortgagees.   As to the stock, therefore, the mortgages were invalid as against creditors.   Davis v. Ransom, 18 Ill. 398.   But not as to the fixtures.   Barnet v. Fergus, 51 Ill. 352.

The same consequence might follow as to a sale without a sufficient delivery.   Schwabacker v. Rush, 81 Ill. 310.   Constructive fraud, however, if there is in the mortgagor or

vendor no fraudulent intent, in fact, is no ground for an attachment against him. Last case, and Shove v. Farwell, 9 Ill. App. 256.

The Superior Court was of this opinion, and there being no evidence of fraud in fact, instructed the jury to find for the appellee on the attachment issue. The judgment affirmed.

*Judgment affirmed.*