## Standard Oil Company v. The Morrison, Adams & Allen Company.

1. DIRECTOR—*Not Compelled to Accept Office.*—There is no rule of law which will hold a man to an acceptance of the office of director of a private corporation against his will. If elected by the corporation he may refuse to serve.

2. ATTACHMENT—*Fraud as a Ground for.*—Constructive fraud, with no fraudulent intent, in fact, is no ground for an attachment.

**Memorandum.**—Attachment proceedings. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

### APPELLANT'S BRIEF, ALFRED D. EDDY, ATTORNEY.

While it may not be, strictly and logically speaking, correct to say that a corporation can be guilty of fraud, yet as the purposes of the corporation can only be accomplished through the agency of individuals, there can be no doubt that if the agents conduct themselves fraudulently, so that were it a case of employment by a natural person, the principal would have been affected by the fraud, the same rule must prevail where the principal under whom the agent acts is a corporation.   Wait on Insolvent Corporations, Sec. 9.

Every tort committed by a corporation necessarily involves an unauthorized exercise of corporate power; but that is no reason why the company should not be held liable for the consequences, etc.   2 Morawetz on Corporations, Secs. 726, 727; New York & New Haven Railroad Co. v. Schuyler, 34 N. Y. 30.

### APPELLEE'S BRIEF, CHARLES SHACKLEFORD, ATTORNEY.

A debtor, even if in fact insolvent, while he still has dominion over his property, and by virtue of his dominion over it, may do many things with the sanction of law, which may possibly, probably, or even certainly, delay or defeat his creditors.   He may prefer some, he may sell, mortgage, assign or otherwise dispose of his property as though he were not a debtor.   2 Bigelow on Fraud, 383; Lindauer v. Victor, 69 Wis. 434; Lord v. Devendorf, 54 Wis. 491; Sexton v. Wheaton, 8 Wheat. 229; Brashear v. West, Peters, 608; Jessup v. Hulse, 21 N. Y. 168; Tomlinson v. Matthews, 98 Ill. 178; Frank v. King, 121 Ill. 250.

A debtor in failing circumstances may prefer one creditor and pay him in full to the neglect of others.   Cross v. Bryant, 2 Scam. 43; Howell v. Edgar, 3 Scam. 417; Powers v. Green, 14 Ill. 387; Hessing v. McCloskey, 37 Ill. 344.

The law allows the failing debtor to select the recipients of his favors, and he may lawfully prefer whomsoever he chooses among his creditors, at the expense of the others. Tomlinson v. Matthews, 98 Ill. 178; Kneeland on Attachments, 164; Ruderhausen et ux. v. Atwood, 19 Brad. 58; McManus v. Mills, 19 Brad. 398.

Confessions of judgment in favor of *bona fide* creditors, for the mere purpose of preferring them, and not for the purpose of hindering, delaying or defrauding other creditors, will not sustain an attachment. Estes v. Fry, 22 Mo. App. 80.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

A suit in attachment was begun by the appellant against the appellee on December 13, 1890.

On the trial, the attachment issue was found in favor of the appellee and the attachment was quashed, and the merits on the principal cause of action being found in favor of appellant, a general judgment for the full amount of its claim was entered in its favor.

The appeal calls in question the judgment quashing the attachment.

On December 12, 1890, the appellee gave its two judgment notes to one Charles Seegers, for $4,200, and $13,771.82, respectively, payable on demand, and judgments by confession were entered thereon on the same day, and executions were at once issued and levied. At an earlier hour on December 12th, the appellee corporation gave its judgment note to the First National Bank of Chicago for $10,000, the amount of its indebtedness to the bank, and judgment was entered thereon and execution issued and levied immediately, and ahead of Seegers. On December 15, 1890, the appellee corporation made a voluntary assignment for the benefit of creditors, under the statute.

Although levies of executions were made under the judgments to the bank and to Seegers, prior to the making of the assignment, all claim of priority of lien thereunder as

against the assignment, has been abandoned, and such judgments are now asserted only as entitled to share with general creditors against the estate in insolvency. The appellant alone claims a priority, and that under its attachment levied, as before observed, on December 13th.

The contention of appellant is that the action of the appellee in giving to Seegers, who, it is claimed, was a director of the appellee corporation, the two judgment notes, was fraudulent, and, within the attachment statute, was a fraudulent concealing or disposition of the property of the corporation, so as to hinder and delay its creditors.

It is conceded that the indebtedness for which the judgment notes were given to Seegers was genuine, and in good faith due from the appellee.

At the annual meeting of the stockholders of the appellee corporation, held on December 11th, Seegers was elected one of a board of five directors of the corporation, but at that meeting he refused to accept the position, and on the same day addressed a writing, which was delivered to the president of the corporation and its other four directors, most positively refusing to accept the office, or to enter upon or perform any duty as director, and he never did afterward meet with the board as a director thereof.

We know of no rule of law or ethics, which will hold a man to acceptance of the office of director of a private business corporation against his will, and the assumption that Seegers was a director of the corporation on December 12th, when the corporation executed the judgment notes to him, is, we think, unfounded. His reasons for refusing to serve as a director, appear from the evidence to have been such as any otherwise busy man might have had, and not as a part of a plan with the corporation to gain for himself undue preferential rights.

He had been, it is true, a director of the corporation during the preceding year, but his refusal to accept a re-election or to serve as such any longer, was most express and positive, and after that he can not be held to have been a director.

There is evidence in the record that he had latterly been the financial main-stay of the corporation, and that he had come to occupy a position of hostility, financially speaking, to the corporation, and was threatening hostile measures if he were not protected; and the circumstance that the corporation made an assignment so soon after giving him the judgment notes as to make both acts part of one transaction, and thereby reduce him to the level of an unpreferred creditor, evinces no spirit of friendly purpose amounting to a fraudulent preference on its part toward him. The preference that he obtained, but could not hold, was defeated, not because of any fraud in fact, but because of the policy of the law under the assignment act.

There was no fraud, in fact, committed by the appellee in giving the judgment notes. The indebtedness was just and honest. Not being a director, even though the corporation was insolvent and known to be so both by its officers and by Seegers, the giving and obtaining the security afforded by the judgments, short-lived though it was, as opposed to the assignment act, was not a fraudulent act in itself, and there being no other basis upon which to rest the attachment, the Circuit Court properly quashed it.

The case of Rhode v. Matthai, 35 Ill. App. 147, is in point. It was there held that constructive fraud, with no fraudulent intent, in fact, was no ground for an attachment based upon the charge of a fraudulent conveyance of property within two years, etc. Also, Shove v. Farwell, 9 Ill. App. 256; Schwabacker v. Rush, 81 Ill. 310.

The judgment of the Circuit Court is affirmed.