**Weare Commission Company v. Mary A. Druley, Administratrix of Estate of William M. Druley, Deceased, et al.**

1. DEEDS—*Delivery.*—W. executed and placed in the hands of his brother E. a deed of land to his father, to whom he was indebted, but in trust for his mother, with instructions to E. to carry it in his pocket, and if he (W.) got well, return it to him; but if he did not get well, to put it on record. E., contrary to instructions, put it on record a few days prior to his brother's death. *It was held* that the transaction did not amount to a delivery.

2. ATTACHMENT—*Fraud as a Ground.*—The fraud for which an attachment will lie is fraud in fact. The debtor must have intended an actual fraud.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

Appellant's Brief, Osborne Bros. & Burgett,
Attorneys.

If the deed made by William M. Dudley was intended as a mortgage, or there was a secret trust retained in the property for him, the deed was fraudulent as to plaintiff and his other creditors. Metropolitan Bk. v. Godfrey, 23 Ill. 579; Bullock v. Battenhausen, 108 Ill. 28; 11 Brad. 665; Sims v. Gains, 64 Ala. 392; Bryant v. Young, 21 Ala. 264; Gregory v. Perkins, 4 Dev. L. (N. C.) 50; Holcomb v. Ray, 1 Ired. (N. C.) L. 340; Gaither v. Mumford, 10 N. C. (Taylor's Term), 167; Benton v. Saunders, 35 N. C. 360; North v. Belden, 13 Conn. 376; Hough v. Ives, 1 Root (Conn.), 492; Friedly v. Hamilton, 17 S. & R. 70; Jaques v. Weeks, 7 Watts, 261; Dey v. Dunham, 2 Johns. Ch. 182; Odel v. Montrose, 68 N. Y. 499; Cooledge v. Melvin, 42 N. H. 510; Winkle v. Hill, 9 N. H. 31; Tifft v. Walker, 10 N. H. 150; Smith v. Lowell, 6 N. H. 67; Harris v. Sumner, 2 Pick. 129; Rice v. Cunningham, 116 Mass. 466; Shield v. Anderson, 3 Leigh (Va.), 729; Watkins v. Arms, 64 N. H. 99; Bentz v. Rockey, 69 Pa. St. 71; McCullough v. Hutchinson, 7 Watts, 434; Shaffer v. Watkins, 7 Watts & S. 219; Connelly v. Walker, 9 Wright (Pa.), 449.

There is not, for any practical purpose, so far as the validity of the particular transaction is concerned, any difference between fraud in fact and fraud in law; between fraud proved by direct evidence, and fraud inferred by law from facts which are consistent with an absence of actual intent to defraud. The law declares that every man must be presumed to intend the natural and necessary consequences of his own acts; and the court must presume the intention to exist when the prohibitory consequences must follow the act, and will not listen to argument to the contrary. Sims v. Gaines, 64 Ala. 392; McKibben v. Martin, 64 Pa. St. 352; Harris v. Sumner, 2 Pick. 129; Holmes v. Marshall, 78 N. C. 262; Chenery v. Palmer, 6 Cal. 119;

Briggs v. Mitchell, 60 Barb. 288; Lukins v. Aird, 6 Wall. 78; Emerson v. Bemis, 69 Ill. 537; Waite's Fraud. Convey., Sec. 9; Bump's Fraud. Convey. (3d Ed.), 362, 579, 603–4.

The courts must presume the intention to exist where the consequences must follow, and will not listen to argument against it. And whenever the effect of a particular transaction is to hinder, delay or defraud creditors, the law conclusively presumes the intent. Lukins v. Aird, 6 Wall. 78; Sims v. Gaines, 64 Ala. 392; Dean v. Skinner, 42 Iowa, 418; Macomber v. Peck, 39 Iowa, 351; Scott v. Hartman, 26 N. J. Eq. 89; Coolidge v. Martin, 42 N. H. 510; Winkley v. Hill, 9 N. H. 29; Shield v. Anderson, 3 Leigh (Va.), 729; Rice v. Cunningham, 116 Mass. 466; Chenery v. Palmer, 6 Cal. 119; Hilliard v. Cagle, 46 Miss. 309; Potter v. McDowell, 31 Mo. 62; Bigelow v. Stringer, 40 Mo. 195; Binford v. Johnson, 82 Ind. 427; Emerson v. Bemis, 69 Ill. 537; Moore v. Wood, 100 Ill. 451; Funk v. Lawson, 108 Ill. 502; Gordon v. Reynolds, 114 Ill. 118; Bump on Fraud. Convey. (3d Ed.), 22–3, 362.

Fraudulent conveyances will be wholly set aside, and will not stand as security even. They will not be held fraudulent in part and good in part. Metropolitan Bank v. Godfrey, 23 Ill. 579; Smith v. Smith, 11 N. H. 459; Harris v. Sumner, 2 Pick. 129; Sidensparker v. Sidensparker, 52 Me. 486; Mackin v. Cairns, Hopkins' Ch. (N. Y.) 373; Graves v. Blandell, 70 Me. 190; Egery v. Johnson, 70 Me. 258; Graham v. Rooney, 42 Iowa, 567; Moore v. Wood, 100 Ill. 451.

GEORGE S. HOUSE and JOHN H. BRECKENRIDGE, attorneys for appellee, Mary A. Druley, administratrix, etc.

BRIEF OF W. S. COY, ATTORNEY FOR JANE DRULEY.

The making of the deed to Jesse Druley, in trust for Jane Druley, was not fraudulent in fact, and will not support an attachment. Shrove v. Farwell, 9 Bradw. 256; Princeton Nat. Bank v. Kuntz, 22 Ill. App. 213.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Omitting what is irrelevant to the questions to be decided, this case is that the appellant commenced September 3, 1890,

an action of assumpsit against William M. Druley and Albert A. Druley, who were brothers and partners, and sued out an attachment which was levied upon land of William.

On the trial the court instructed the jury to find for the defendant on the issue formed upon the attachment. Whether that was error is the principal question.

September 5, 1890, William died, after being sick several months. August 19, 1890, he had executed and placed in the hands of another brother, Edwin, a deed to the land, with instructions to carry it in his pocket, and if William got well return it to him, and if he did not get well to put it on record. William was indebted to his father, Jesse, who had let him have about $18,000 more than five years before, and on account of that indebtedness had, March 10, 1887, made to his mother, Jane, a note for $10,000, payable five years after date, with interest at six per cent, payable quarterly. The deed was to Jesse in trust for Jane, and there was no consideration for it other than this indebtedness, and no agreement, unless implied, that the deed should be payment of or security for the indebtedness. The note remained in the mother's possession.

If the deed could have any effect it would probably be as security, but did it take effect at all? Edwin did put it on record September 2, 1890, but that was contrary to his instructions. The intention of William was that it should have no effect during his life; that if he recovered from his then sickness the deed should be returned to him.

It seems difficult to construe such a transaction as amounting to a delivery. Provost v. Harris, 36 N. E. 958; Washburn, Real Property, Vol. 3, 285 *et seq.;* Cook v. Brown, 34 N. H. 460.

In the whole evidence there is not a scintilla that William intended any fraud upon his creditors, but the appellant insists that a deed absolute, which is only security, is fraudulent *per se*, as containing a secret trust—a right to redemption—for the grantor. Such a doctrine is quite inconsistent with the numerous cases in this State permitting redemptions from such deeds; for if fraudulent *per se* the court

A., T. & S. F. R. R. Co. v. C. & W. I. R. R. Co.

would leave the parties where it found them. In the first case cited by the appellant to this point, Metropolitan Bank v. Godfrey, 23 Ill. 579, such a redemption was allowed. It can hardly be disputed that such a deed may be consistent with absolute honesty in the heart of the maker.

Now the doctrine of this court is that the fraud for which an attachment will hold, is fraud in fact; that the debtor intended a fraud. Rhode v. Matthai, 35 Ill. App. 147. We hold that instruction not error.

After the death of William, the plaintiff amended by discontinuing as to Albert and substituting Mary A. Druley, administratrix of William, as sole defendant, and upon her pleas the case was tried. She has assigned some cross-errors upon the judgment against her upon the merits. But as the attachment is gone, and the indebtedness indisputable, and the estate of William insolvent, it is not worth while to treat of them.

We should overrule them if we did. The judgment is affirmed.